**HOLT et ux. v. UVALDE CO. (No. 7013.)***

(Court of Civil Appeals of Texas. San Antonio. Nov. 21, 1923. Rehearing Denied Feb. 6, 1924.)

**1. Municipal corporations ⟨⟩485(2)—Discrepancy between date of paving certificates and execution by officials held immaterial.**

A discrepancy between the date of paving certificates and the execution thereof by city officials does not render them void and is immaterial when it does not appear that rights, liabilities, or remedies of the parties are affected thereby.

**2. Municipal corporations ⟨⟩488, 489(5)—Property owner held barred from attacking voidable paving assessment.**

A property owner defending a suit on paving certificates is barred from contesting the validity of the assessment by the 20 days' limitation prescribed by Rev. St. art. 1015, where it appears that the assessment proceedings are merely voidable and not void.

**3. Appeal and error ⟨⟩725(1)—Assignment of error not considered because requiring court to search record.**

An assignment of error which sets out neither the pleadings nor exceptions which were sustained thereto, leaving it to the court to eke out of the pleadings all the allegations and exceptions appropriate to the proposition urged, will not be considered.

**4. Municipal corporations ⟨⟩567(1)—Rule as to pleading ordinances inapplicable in suit on paving certificates.**

The rule that in pleading city ordinances the contents thereof and dates of adoption should be stated has no application to an action on a certificate of paving assessment, in view of Rev. St. art. 1011, providing that such certificates shall be prima facie evidence of the facts recited therein.

**5. Action ⟨⟩69—Proceeding with trial without reference to other pending suit held proper.**

In action by a contractor against a property owner to recover on paving certificates, the court did not err in refusing to postpone the trial to await the outcome of another suit in which the city sought to establish that the paving certificates were illegally issued, where such suit had been pending about 10 months and its progress towards final disposition warranted the court in proceeding to trial without reference to it.

**6. Appeal and error ⟨⟩729—Assignment of error held too general to merit consideration.**

An assignment of error reciting "that the matters pleaded in defense were sufficient to defeat plaintiff's cause of action, and the evidence offered in support of and tending to support the same being also sufficient, the court should not have peremptorily instructed the jury," is too general to require consideration on appeal.

**7. Appeal and error ⟨⟩719(6)—Action of court in directing verdict considered on appeal, though not assigned as error.**

The action of the court in directing a verdict is fundamental in nature, and should be considered on appeal even though not assigned as error.

On Motion for Rehearing.

**8. Municipal corporations ⟨⟩485(2)—Discrepancy between date of paving certificates and execution thereof held not to affect property owner adversely.**

That a discrepancy existed between the date and execution of paving certificates by city officials, making the first installment of the assessment against a property owner payable 30 days before the certificate was executed, did not affect the property owner adversely, where the maturity of the installment was controlled, not by the date of the certificate, but by the acceptance of the completed work by the city.

**9. Municipal corporations ⟨⟩485(2)—Paving certificates held properly executed by mayor then in office.**

The law looks at the mayor as an official, and does not concern itself with the identity of the individual who performs official duties so long as he is clothed with the official authority at the time he acts, and therefore paving certificates are properly executed by one actually in office at the time, though they were authorized during a previous administration when the office was occupied by another.

**10. Municipal corporations ⟨⟩488, 489(5)—Limitations on right of property owner to attack assessment inapplicable to defense that work was not properly done.**

Rev. St. art. 1015, limiting the property owner to 20 days within which he may attack the validity of a paving assessment, does not limit his right to urge, as a defense against a contractor's suit on the paving certificates, that the work was not done in accordance with contract.

Error from District Court, Bexar County; Robt. W. B. Terrell, Judge.

───────────────────────

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted March 26, 1924.

Action by the Uvalde Company against Oran C. Holt and wife. Judgment for plaintiff, and defendants bring error. Affirmed.

Joseph Ryan and A. L. Matlock, both of San Antonio, for plaintiffs in error.

Terrell, Davis, Huff & McMillan, of San Antonio, for defendant in error.

SMITH, J. The paving company brought this suit against Holt and wife to recover the amount of an assessment made against them by the city of San Antonio for work done and material furnished by the paving company, in paving the street in front of plaintiffs in error's homestead, on Nolan street in said city. In addition to the assessment made by the city and the issuance of paving certificates in pursuance thereof, the obligation of plaintiffs in error was further evidenced by mechanics' and materialmen's liens, executed in favor of the paving company by Mr. and Mrs. Holt, before any of the materials were furnished or work was done by the company. The jury, in response to a peremptory instruction from the court, returned a verdict in favor of the paving company for the amount of the debt, and for foreclosure of the contract lien; the jury determined that $100 was a reasonable attorney's fee in the case, which was assessed against Holt. Judgment was rendered in accordance with the verdict, and the Holts have appealed.

[1] It appears from the pleadings and evidence that the paving certificates on which the suit is based in part were dated, and the issuance thereof authorized, on April 14, 1921, at a time when Sam C. Bell was mayor and Fred Fries was city clerk; whereas, the certificates were actually signed six weeks later, on June 1, 1921, by Mayor O. B. Black and City Clerk Ben H. Cordell, who had in the meantime superseded Bell and Fries. It is contended by plaintiffs in error that this discrepancy between the date of the certificates and the execution thereof by the city officials rendered them void. This contention is urged in plaintiffs in error's first proposition of law, which purports to be predicated upon plaintiffs in error's eighth, ninth, twelfth, thirteenth, eighteenth, twenty-first, thirty-ninth, and forty-ninth assignments of error. We overruled this proposition, along with the assignments to which it may be germane. We are of the opinion that the discrepancy between the date and the execution of an instrument or contract becomes material only when the rights, liabilities, obligations, or remedies of the parties, or either of them, are affected thereby. It does not appear that the parties were so affected in this instance, and the discrepancy is therefore immaterial.

[2] The statute (Rev. St. art. 1015) provides that the property owner against whom or whose property paving assessments have "been made, shall have the right, within twenty days thereafter," to bring suit to set aside or correct the assessment "or any proceeding with reference thereto, on account of any * * * invalidity therein"; that thereafter the owner "shall be barred from any such action, or any defense of invalidity in such proceedings or assessments * * * in any action in which the same may be brought in question."

Plaintiffs in error have grouped 25 of their assignments of error under the one proposition, that the 20-day limitation, for reasons stated, does not apply in this case. It appears that these assignments are each directed at the action of the court in disposing of the pleadings in the case, which cover 57 pages of the transcript. The pleadings affected are not shown in the brief, nor are the exceptions, nor the court's ruling thereon, and it would be an almost interminable task for this court to search the record and locate and segregate these matters and allocate them appropriately to plaintiffs in error's proposition. It is asserted generally in the one proposition that the 20-day period of limitation is inapplicable to plaintiffs in error's case, "because such 20 days expired long before work was commenced, and because the defects therein complained of rendered the proceedings void; defendants' complaints therein included, among others, that the work was not done according to the contract between the city and paving company, and therefore no liability attached because the paving company breached its contract with the city and did not comply therewith, for the reason that no such complaint could be made before the work was completed and certainly not before it was begun." This proposition is, as stated, predicated upon 25 different assignments of error, each of which appears to raise a separate and distinct question of law, and is directed to the action of the court in sustaining a particular exception to plaintiffs in error's answer. We will consider this proposition only for the purpose of making a general application of the law thereto.

It seems to be settled that if the proceedings of the governing body under which the paving is done are void, the validity thereof may be attacked at any time. Elmendorf v. City of San Antonio (Tex. Com. App.) 242 S. W. 185. It would seem true on the contrary, then, that if such proceedings are merely voidable, but not void, the 20-day limitation applies and will be enforced. Otherwise the statute is useless and serves no purpose whatever. As presented here, it does not affirmatively appear from plaintiffs in error's proposition, or statement, or argument thereunder, that plaintiffs in error alleged facts showing that the assessment made by the city against their property, or any particular proceeding under the assessment, was void, and as it does appear that this suit

was filed more than twenty days after all the matters complained of occurred or accrued, plaintiffs in error's second proposition will be overruled, in so far as it is therein contended .that the assessment or proceedings thereunder were invalid.

[3] It is further contended in plaintiffs in ·error's second proposition that the paving "work was not done according to the contract between the city and the paving company, and therefore no liability attached, because the paving company breached its contract with the city and did not comply therewith, for the reason that no such complaint could be made before the work was completed and certainly not before it was begun." In the statement under this proposition neither the pleadings nor the exceptions which were sustained thereto are set out, and there is nothing in plaintiffs in error's brief by which the soundness of their contention may be determined. As stated, the pleadings in the case cover 57 pages in the record, and we must decline to undertake to eke out of those pleadings all the allegations and exceptions appropriate to plaintiffs in error's proposition, which is, on that account, overruled.

[4] Plaintiffs in error's third proposition of law is that—

"In pleading ordinances of a city, or special legislative acts in reference thereto, the contents thereof as well as the dates of their adoption should be substantially stated; courts not taking judicial knowledge of same."

This ,proposition is predicated upon 12 different assignments of error, in each of 11 of which complaint is made of the overruling of a specific exception urged by plaintiffs in error to defendant in error's trial petition, and in the twelfth of which complaint is made of the admission of certain testimony. In this way the one proposition covers 12 different questions of law, although it states only the one general proposition, quoted above. Although that proposition may correctly state an abstract principle, it will be overruled in this particular case on authority of article 1011, R. S., and Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631.

[5] When this cause was finally called in the court below, plaintiffs in error filed a motion to postpone the trial to await the outcome of a certain cause then pending in another district court of Bexar county, in which the city of San Antonio had sought to establish that the paving certificates herein sued upon were illegally issued and were' therefore void. This motion was overruled, but later on in the trial was renewed, when it was shown that the other suit had been transferred to the court in which the instant suit was being tried. The court below again overruled the motion to postpone. ·The former suit had been pending about 10 months, and its progress towards final disposition was shown to have been such as to warrant the court below in proceeding to the trial of the instant case, without reference to the other suit. Plaintiffs in error's fourth proposition of law, complaining of this matter, will therefore be overruled.

[6,7] Plaintiffs in error's fifth proposition of law is that—

"The matters pleaded in defense were sufficient to defeat plaintiff's cause of action, and the evidence offered in support of and tending to support same, being also sufficient, the court should not have peremptorily instructed the 'jury."

This proposition is too general, within itself, to require consideration; but the action of the court in directing a verdict was fundamental in its nature, and should be considered even though not assigned as error. We have examined the record, however, and find no errors apparent on the face thereof.

The judgment is affirmed.

### On Motion for Rehearing.

[8] Plaintiffs in error insist that their liability was adversely affected by reason of the delayed execution of the paving certificate sued on, which, although dated April 14, 1921, was not actually executed by the mayor and city clerk until June 15th following. It was stipulated in the certificate that the installments of the assessment against the Holts for the paving should be "all payable after the 14th day of April, 1921, being the date when said work was accepted by the city; the first being payable in 30 days, the second in one year," etc., with interest "from said date." This would make the first payment˙ due May 14th, or, as plaintiffs in error point out, 30 days before the certificate was fully vitalized by the signatures of the city officials. The essential fact is, however, that the date of maturity of the first installment was fixed in the certificate at 30 days from the acceptance of the paving work by the city engineer, which, as recited in the certificate, was April 14th. The whole proceedings were had, and the certificate was issued, in accordance with an ordinance passed on July 12, 1920, and with the contract between the city and the paving company. The maturity of the obligation, then, was controlléd, not by the date of the certificate, but by the acceptance of the completed work by the city, and the delay, in executing the certificate, theretofore provided for by ordinance and contract as the evidence of the obligation, had no effect whatever upon plaintiffs in error's liability. McQuillin, Mun. ˙Cor. § 2293; Morrill v. Smith County (Tex. Civ. App.) 33 S. W. 899; Moller v. Galveston, 23 Tex. Civ. App. 693, 57 S. W. 1116.

[9] Much has been said of the fact that

the paving certificate was not executed by Mr. Bell, who was mayor at the date of the certificate, but by Mr. Black, who was not mayor at that date, but who succeeded Mr. Bell a few weeks later, and then executed the instrument which had theretofore been fully authorized by ordinance. We think this circumstance is, within itself, wholly immaterial. The law looks at the mayor as an official, and not as an individual, and does not concern itself with the identity of the individual who performs the official duties, so long as he is clothed with the official authority and power at the time he acts. Written contracts or other evidences of the obligations of the municipality should be executed by the designated officials who are actually in office at the time the instruments are signed and delivered, even though, such contracts are authorized by ordinances or resolutions passed during a previous administration, when the offices were occupied by others whose terms expired between the acts of authorization and the acts of signing and delivering. Dillon, Mun. Cor. §§ 888, 889; Coler v. City of Cleburne, 131 U. S. 162, 9 Sup. Ct. 720, 33 L. Ed. 146. Of course, under the protection of this rule, those instruments may not be falsely dated for the purpose of evading a law, or defeating, enlarging, or altering the liability or rights of the parties.

[10] Vigorous complaint is made by plaintiffs in error of our holding with reference to the provisions of article 1015, R. S., limiting the property owner to 20 days within which to bring suit to set aside or correct paving assessments, or question the validity of the proceedings under which the assessments are made. Plaintiffs in error construe this holding to mean that by this provision the property owner is cut off, after 20 days, from urging as a defense to an assessment that the work has not been properly done by the paving contractor. We did not so hold. We simply held that under that statute the property owner is limited to 20 days within which to bring suit to attack the validity of the assessment proceedings, as such. We said and meant nothing about the application of this limitation to the defense of failure of the contractor to do the work in accordance with the contract therefor. Such defense is available, if at all, without reference to that limitation, and, subject to appropriate general rules of limitation, may be urged at any time against the suit of the contractor for the amount of the assessment.

Plaintiffs in error's motion for rehearing is overruled.