**WATLAND et al. v. L. E. WHITHAM & CO.**
**(No. 2304.)**

(Court of Civil Appeals of Texas. Amarillo. April 9, 1924. Rehearing Denied May 7, 1924.)

1. **Municipal corporations** ⬅️485(2) — **Paving certificate held to sufficiently describe property.**

A paving certificate describing property assessed, as fronting 201.6 feet on north side of Front Street, being lot unnumbered, block T, and naming owners thereof, sufficiently described property, since it furnished means by which property could be identified by extrinsic evidence.

2. **Municipal corporations** ⬅️269(1) — **Paving sidewalk as part of street authorized.**

Where a city regularly adopted and proceeded under Rev. St. arts. 1006–1017, in making a pavement assessment, that paving included part of street that might have been used as a

sidewalk, forcing abutter, if desiring sidewalk, to build on his own land, was immaterial; city not being bound to maintain sidewalks.

3. **Municipal corporations** ⬅️485(5)—**Paving certificate held prima facie evidence notwithstanding failure to precisely follow statute.**

Recitals of paving certificate *held* to make it prima facie evidence that all requirements of law had been complied with, though such recitals did not follow order of arrangement in Rev. St. art. 1011, concerning effect of improvement certificates.

4. **Municipal corporations** ⬅️485(1) — **Paving certificates may provide for accelerating maturity of deferred payments on default.**

Rev. St. art. 1011, authorizing city to provide for time and payment of paving assessments and to fix conditions of paving certificates, authorizes authorities to make certificates payable in installments, with provision for accelerating maturity of deferred payments, in case of default in payment of installments first maturing.

5. **Costs** ⬅️238(2)—**Modification of judgment held not to entitle prevailing party to costs of appeal.**

A reformation of judgment on appeal did not entitle prevailing party to costs, where error was not called to attention of trial court, and was not raised by any assignment, being considered as fundamental error on suggestion made in statement under an assignment, to which statement was not germane.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by L. E. Whitham & Co. against A. R. Watland and others, in which defendants filed a cross-action. Judgment for plaintiffs, and defendants appeal. Reformed and affirmed.

Kay, Akin & Kenley, of Wichita Falls, for appellants.

E. M. Mann and Davenport, Cummings & Thornton, all of Wichita Falls, for appellees.

BOYCE, J. L. E. Whitham & Co. sued A. R. and O. T. Watland, to recover on a paving certificate issued by the city of Wichita Falls. On trial without a jury personal judgment was rendered for the plaintiffs against said defendants, with foreclosure of lien on the property hereinafter described.

Three principal questions are presented on the appeal: (1) Whether the description of the property as contained in the paving certificate and as followed in the petition and judgment is void for uncertainty.

(2) Whether there was error in striking out defendant's answer and cross-action which alleged that—

"the paving of Front street was improperly done; that the pavement on said street was not laid in the center of said street but was laid entirely on the north side of said street and as laid and constructed cuts off the sidewalk from in front of defendants' property

and that if defendants have any sidewalk in front of their business property that same will have to be given off of their own land, to wit, 15 feet, which deprives defendants of the use of 15 feet of their said property for business purposes; that the construction of said pavement in the manner stated is a damage to defendants' property and to the defendants, in the sum of $2,000."

(3) Whether the recitals of the certificate are sufficient to constitute it prima facie evidence that all the requirements of law had been complied with so as to obviate proof thereof on trial.

We will dispose of these questions in the order stated, making the statements necessary in connection with the discussion of each question.

[1] The description as contained in the certificate is as follows:

"Property situated in said city (of Wichita Falls) in Wichita county, state of Texas, fronting 201.6 feet on the north side of Front street, being lot unnumbered, block T, and fully described in volume ——— page ——— of the deed records of said county and against A. R. Watland and O. T. Watland, the owner of said property."

It is shown by the evidence that there was only one block T in the city of Wichita Falls, and it is owned by A. R. and O. T. Watland, and was rendered for taxes by them as block T, and that said block does not appear to have been subdivided into lots, but appears on all maps showing the same as not being subdivided. There does not appear to be any dedicatory plat of record which designates and definitely locates Front street or shows block T by name in connection therewith. However, there was introduced in evidence a map prepared by the city engineer of Wichita Falls several years before this controversy arose, from data obtained from deeds and other recognized plats in use, which does show the block located to the north of Front street, the map having indorsed on this block the following: "Block T, A. R. & O. T. Watland." The engineer preparing this map testified that he located Front street by references thereto contained in deeds from property owners owning the land which would be occupied by the street and conveying portions thereof and calling for Front street. It does not appear that the width of Front street was definitely determined from these calls, but the said engineer gave it the same width as other streets. It also appears that this map so prepared is in general use in the city by business men and the city and county officials in dealing with property located in that vicinity. This map and the testimony, as we understand it, does not show the exact total frontage of block T on Front street. From an extension of the lines of the block to the south, where distances are shown, it would appear that the frontage would be

something between 200 and 225 feet. There is in the record an exhibit entitled "Front street paving assessment from W. P. L., Indiana avenue, to W. P. L., Ohio Avenue," between which streets block T is located. From this assessment list it appears that the assessment against the various lots, in the block on the south side of Front street opposite block T, totals 176.6 feet; that there is an alley on that side of the block 25 feet wide, which runs into Front street through such block. Adding this to the 176.6 feet would balance the distance on each side of the street. From the entire record it is, therefore, a reasonable conclusion that the entire frontage on block T on Front street totals 201.6 feet. This evidence we conclude is admissible in connection with the description contained in the paving certificate and is sufficient to identify the property. Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 636 (15); Slaughter v. City of Dallas, 101 Tex. 315, 107 S. W. 48; Eustis v. City of Henrietta, 90 Tex. 468, 39 S. W. 567.

[2] The plaintiffs, in their supplemental petition, excepted to the allegations of defendants' answer set out above stating in the exception that the city had accepted the provisions of chapter 11, tit. 22, Revised Statutes, in reference to street improvements in cities, that said provisions of law had been in all things complied with in making said assessment and improvement, that hearing had been had on the matter of the improvement and the assessments therefor and no proceedings had been brought by defendants to question or set aside such action of the city authorities so that the defendants are barred by the provisions of article 1015 of said statute from further contesting the validity of the assessment. The defendants also filed a motion, styled "A plea in abatement," to strike out the said portion of said answer, for the same reasons just stated as being incorporated in the special exception. The judgment rendered in the case strikes out such paragraph of defendants' answer, it being recited in such judgment that the court heard evidence on the trial of the said plea in abatement. The court found, and there is no question of that finding on this appeal, that the city had regularly adopted the provisions of chapter 11, tit. 22, and had proceeded regularly thereunder in making the assessment in question. It will be noted that the answer referred to does not allege that any of plaintiff's property was taken by the street improvement, but that the paving of the street included that part thereof that might otherwise have been used as a sidewalk, so that if defendants want a sidewalk they will have to build it on their own land. The identical question here presented was before the Galveston court in the case of Jones v. City of Houston (Tex. Civ. App.) 188 S. W. 688, and was de-

cided, we think correctly, against appellants' contention. That decision fully discusses the authorities in support of the conclusion reached, and we have nothing to add to it. See, also, City of Fort Worth v. Capps Land Co. (Tex. Civ. App.) 205 S. W. 492, and City of Corsicana v. Mills (Tex. Civ. App.) 235 S. W. 224. The case of Pate v. Whitley (Tex. Civ. App.) 196 S. W. 581, may be distinguished. In that case the defendant, in a suit by the contractor on the improvement certificate, set up by cross-action a claim for damages against such contractor resulting from certain negligent and wrongful acts committed by the contractor in doing the work, such as smearing the defendant's fence and house with asphalt, permitting asphalt to run on defendant's yard, and taking possession of his premises. Such acts were not done in pursuance to contract, but were independent wrongs committed in the performance thereof. Here the contractor is not charged with doing anything except what he was under contract with the city to do. See, also, in this connection Blair v. Waldo (Tex. Civ. App.) 245 S. W. 986.

, [3] Article 1011, Revised Statutes, is in part as follows:

"If any such certificate [the improvement certificate, issued by the city] shall recite that the proceedings with reference to making such improvements have been regularly had in compliance with law, and that all prerequisites to the fixing of the assessment lien against the property described in said certificate, and the personal liability, shall be prima facie evidence of the facts so recited, and no further proof thereof shall be required in any court."

The certificate sued on after reciting the fact of the assessment, the improvement, thereunder, etc., declared:

"Said assessment, to be a first and paramount lien upon said premises (which had been previously described) and a personal liability of said owner, payable to said contractor, or assigns in installments, and with interest, as above set forth."

And contained this recital:

"That all the proceedings with reference to making said improvements have been regularly had in compliance with the charter and ordinance of said city, and chapter 11, title 22, Revised Statutes of Texas of 1911, and that all prerequisites to the fixing of the lien and claim of personal liability, evidenced by this certificate, have been performed."

Appellee makes the point that because the words, "against the property described in said certificate," of the statute, do not in the certificate follow the word "lien" therein, the certificate holder is not entitled to the benefit of the provision of the law quoted. We think this contention is without merit.

[4] The certificate was payable in installments and contained a provision for accel-erated maturity of deferred payments in case of default in payment of installments first maturing, and it is contended that such provision is unauthorized by law. The governing body of the city was authorized by article 1011 of the statutes "to provide for the time and terms of payment of such assessments * * * and to fix the terms and conditions of such certificate." Stipulations of this kind are common in cases where an indebtedness is payable in installments, particularly where secured by lien. The quoted provisions of the law we think authorize the city authorities to put such provisions in the assessment and in the paving certificates.

[5] The appellees concede under the authority of Frankenstein v. Rushmore & Gowdy (Tex. Civ. App.) 217 S. W. 189, and Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 637 (19), that the judgment ought to bear interest at the rate of 6 per cent. per annum instead of 8 per cent. The judgment will be reformed in this respect. However, this matter was not called to the attention of the trial court; it is not raised by any assignment, being considered as fundamental error on suggestion made in the statement under an assignment, to which the statement is not germane. Under the circumstances this reformation of the judgment should not cast the costs of appeal on appellees Yoe v. Milam County Co-operative Alliance (Tex. Civ. App.) 32 S. W. 162; Converse v. Langshaw, 81 Tex. 275, 16 S. W. 1031.

Reformed and affirmed.