## McCARTHY v. CITY OF DENISON.
### (No. 9114.)

(Court of Civil Appeals of Texas. Dallas.
May 3, 1924. Rehearing Denied.
May 31, 1924.)

**I. Municipal corporations ⊜485(5) — Improvement certificate prima facie evidence of prerequisites to creating debt and lien.**

In an action by municipality on paving certificates, it was unnecessary for plaintiff to establish by independent proof performance of proceedings necessary to creation of indebtedness and lien against abutting owner before certificates could be received in evidence, in view of Rev. St. art. 1011, making such certificates containing prescribed recitals prima facie evidence of such indebtedness and lien.

**2. Municipal corporations ⊜485(5)—Improvement certificates prima facie evidence of municipality's acceptance of benefits of statute.**

In action by municipality on paving certificates, independent proof of plaintiff's acceptance of benefits of Rev. St. c. 11, tit. 22, in manner prescribed in article 1016, was not required in first instance, in view of recitals contained in them, as provided by article 1011, making such recital prima facie evidence of facts recited; such provision being broad enough to include every proceeding necessary to fix valid debt and lien for paving.

Vaughan, J., dissenting.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Action by the City of Denison against C. C. McCarthy. Judgment for plaintiff, and defendant appeals. Affirmed.

Randell & Randell, of Sherman, and Ocie Speer, of Fort Worth, for appellant.

Hamp P. Abney, of Sherman, for appellee.

JONES, C. J. Appellee, the city of Denison, a municipal corporation, operating under a special charter, brought this suit for the use and benefit of the Kaw Paving Company, a corporation, against C. C. McCarthy, appellant. The suit was predicated upon five special assessment certificates issued by the city under a contract with the paving company to cover the cost of paving in front of five separate lots owned by appellant and fronting on North Houston street and West Morton street in said city. The improvement certificates bore interest at the rate of 8 per cent. per annum, and aggregated the principal sum of $3,569.41. Appellee, by appropriate allegations, also sought to recover a reasonable attorney's fee and to foreclose an improvement lien against the said lots.

There was a jury trial, but to the decision of the jury was submitted only the question of the amount of a reasonable attorney's fee, which the jury found to be the sum of $371.10. The court thereupon rendered judgment for $3,720.32 as the amount of the principal and interest of the said improvement certificates, and the additional sum of $371.10 as attorney's fee, together with a foreclosure of the alleged liens.

Appellant duly filed an amended motion for a new trial, in which he made the assignments of error that are hereinafter discussed. The court overruled this motion for a new trial, and appellant has duly perfected his appeal to this court.

[1] Appellee's petition was sufficient in all respects to sustain the judgment rendered. Appellant answered by a general demurrer and a general denial Except on the issue of an amount that would constitute a reasonable attorney's fee, appellee supported the allegations in its petition only by the introduction in evidence of the said five improvement certificates, and relied on the recitals in said certificates to the effect that all the necessary proceedings had been taken by appellee previous to issuance of these certificates to fix a valid indebtedness against appellant and a valid lien against each of his said pieces of property to sustain the allegations in its petition. It was the theory of appellant that these necessary facts could not be established by the recitals in said certificates, but that independent proof of appellee's acceptance of chapter 11, title 22, of the Revised Statutes of Texas, in the form and manner therein prescribed for such acceptance, and that the performance of all other proceedings therein prescribed as prerequisites to creating the indebtedness and lien against appellant must be shown to have been had by independent proof before the law could give any legality to such certificates, and before they could be introduced in evidence. In line with such contention appellant did not offer any evidence, and, upon the conclusion of appellee's case, requested peremptory instruction in his favor, and duly excepted to the submission to the jury of the issue of a reasonable attorney's fee. This contention of appellant is duly presented by various assignments of error supported by propositions of law.

Appellant's contention is unquestionably correct, unless the special rule of evidence for cases of this character prescribed in article 1011 sustains the action of the court in rendering judgment on the evidence alone of the said certificates.

Article 1011, after clothing the governing body of a city with power to cause to be issued in the name of the city assignable certificates declaring the liability of owners of property abutting on the street improved for the payment of the assessments made against the property and the owner for that purpose, declares a special rule of evidence to be observed by the courts in the trial of such cases as follows:

"If any such certificate shall recite that the proceedings with reference to making 'such improvements have been regularly had in compliance with law, and with all prerequisites to the fixing of the assessment lien against the property described in said certificate, and the personal liability it shall be prima facie evidence of the facts so recited, and no further proof thereon shall be required in any court."

The certificates in the instant case recited that all the proceedings with reference to making such improvements had been properly had in compliance with the charter and ordinances of the city of Denison, and in compliance with chapter 11, title 22, Revised Statutes of Texas, and that all prerequisites to the fixing of the lien and claim of personal liability evidenced by said certificates had been performed; that said paving and improvements had been completed in compliance with the terms of said contract, and had been acknowledged by the city of Denison. It will thus be seen that each certificate recited that all those steps and proceedings necessary to fix the indebtedness and the lien against appellant and his property had been duly performed by appellee. In other words, the recitals in the certificate included all those things that appellant contends should have been established by evidence independent of the said certificates.

These improvement certificates are instruments in writing, solemnly executed by public officials under their oath of office and in their official capacity They represent an indebtedness of the owner of property for a valuable consideration given to him in the street improvement made for the benefit of his property and secured by a lien on his said property. They are permitted by law. prima facie, to speak their own validity, because, under the law, they can only be issued by the lawful authorities of a city, after such city, through its governing body, has accomplished every proceeding and legally performed every prerequisite prescribed by law as necessary to their validity. Acting on the presumption that public officials would perform their duty and faithfully observe the law in the issuance of such certificates, the Legislature has declared through said statute that in a suit to recover the indebtedness and foreclose the lien evidenced by these certificates all courts shall receive the recitals in said certificates as prima facie evidence of the facts therein stated. The statute does not make the recitals in the certificates conclusive of the facts stated therein, but only that their evidence makes such a case as will warrant a judgment in favor of the plaintiff, unless defendant is able by rebuttal evidence to make an issue as to the correctness of the recitals in said certificates. The verity of all the facts shown to exist in the recitals in these certificates rests in the public records of appellee, and were easily accessible to appellant, if these records could serve his purpose to disprove any of the recitals in the certificates. In its last analysis the special rule of evidence prescribed by this statute is simply a presumption of law that public officials have performed their official.duty if they certify to such fact.

[2] It is argued that, because article 1016 of the Revised Statutes provides a special manner in which proof* of the fact that a municipality had accepted the benefits of said chapter 11, title 22, may be made, it necessarily follows that the recitals in the improvement certificates "that the proceedings with reference to making such improvement have been regularly had in compliance with law and that all prerequisites to the assessment lien" etc., do not include the "proceeding" adopting the benefits of said chapter, and do not refer to such adoption as one of the prerequisites to fixing the lien. Of course, in making such contention it is not intended to convey the idea that the adoption of the benefits of said chapter is not a proceeding referring to the making of the improvement and is not a necessary prerequisite to the fixing of the lien and the indebtedness evidenced by the certificates, yet this is the logical result of such an argument. The language of this provision of article 1011 is broad enough to include every proceeding that is a necessary prerequisite to fixing a valid indebtedness and lien, and to make the exception contended for would be to limit the broad significance of the language employed by the Legislature to the extent of making an exclusion from its provision. This exclusion is not warranted by the broad language of the statute.

It is not mandatory on the governing body of a municipality to issue these certificates, and, in a suit against a property owner in which no certificates have been issued, this proof would have to be made. Other conditions might arise requiring this proof to be made, and so the Legislature, without repealing any of the provisions of article 1011, merely enacted an additional special rule of evidence prescribing another manner of making this proof.

A clear and simple construction of this provision of article 1011 is that it was intended by its enactment to make these certificates, when issued in the manner prescribed by law, prima facie evidence of the existence of both the indebtedness and lien which they evidence, and we so construe it.

Appellant contends that, because it is necessary to allege in a petition in a suit to recover the amount of a special assessment certificate, independent of the recitals in the certificate, the performance of every prerequisite made necessary by the law to fix the indebtedness and lien, it necessarily follows that proof must also be made independent of the recitals in the certificate. The vice in

this reasoning is that the provision of said article 1011 applies only to evidence and does not purport to give a special rule for pleading. This is the effect of the two decisions holding that a petition in such a suit only alleging the issuance of the certificate and the recitals therein made is insufficient and subject to a general demurrer. Wooten v. Texas Bitulithic Co. et al. (Tex. Civ. App.) 196 S. W. 601; Blair v. City of Houston (Tex. Civ. App.) 252 S. W. 882.

It appearing that the special assessment certificates in this case had been regularly issued by appellee after the completion of the work of street paving, it is held that the special rule of evidence provided for in article 1011 authorized their admission in evidence and established a prima facie case in behalf of plaintiff. Appellant offered no evidence in rebuttal of this prima facie case. There was no issue in respect thereto to be submitted to the jury, and the trial court was authorized to enter the judgment against appellant for his pro rata cost of the pavement as shown by the said assessment certificates.

It is also held that the court was warranted in entering the judgment against appellant for the amount of attorney's fee found by the jury.

Finding no reversible error, the case is affirmed.

Affirmed.

VAUGHAN, J. The writer deeply regrets that he has been unable to agree with the majority opinion affirming the judgment of the court below. This disagreement rests alone on the construction placed on the word "prerequisite" as used in the following provision of articles 1011, V. S. T. C. S. 1914, to wit, "if any such certificate shall recite that the proceedings with reference to making such improvements have been regularly had in compliance with law, and that all prerequisites to the fixing of the assessment lien against the property described in said certificate, and the personal liability, shall be prima facie evidence of the facts so recited, and no further proof thereof shall be required in any court," forming a part of chapter 11, title 22, providing for street improvements by cities and towns. In order to affirm the judgment of the trial court it was necessary, in the condition of the record, to construe the word "prerequisites" as including and having reference to proceedings leading up to the acceptance of the benefits of said chapter in the mode and manner as pointed out in article 1016, Id., providing for referendum on adoption of provisions of this chapter and ordinances to carry out same.

The majority opinion places this construction on the following language contained in the certificates issued by appellee under article 1011, supra, to wit:

"That all the proceedings with reference to making such improvements have been properly had in compliance with the charter and ordinances of the city of Denison and chapter 11, title 22, Revised Statutes of Texas 1911, and that all prerequisites to the fixing of the lien and claim of personal liability evidenced by said certificates have been performed."

In other words, said holding is to the effect that said certificates were sufficient evidence to show within their own terms that the city of Denison had complied with all the requirements of article 1016, whereby the benefits of said chapter had been accepted by said city, to wit, "that the governing body of said city had submitted the question of the adoption or rejection of the benefits of said chapter to a vote of the resident property-taxpayers, who were qualified voters of said city, at a special election called for that purpose; that said election had been held in compliance with the law with reference to regular city elections in said city; that the results of such election had been canvassed and determined, from which it was ascertained that a majority of the voters voting upon the question of the adoption of this chapter at such election had voted to adopt same, and that the result of the election thus ascertained has been by the governing body of said city entered upon their minutes." This, by reason of the holding that said term "prerequisites" had reference to and included all of said proceedings necessary to be had before the governing body of the city of Denison was authorized to issue the certificates based upon the proceedings subsequent to the adoption of said chapter providing for the improvement of the streets of said city, for which the certificates involved on this appeal were issued.

Other than the certificates issued by the city council of Denison under the terms and provisions of article 1101, Id., there is no evidence in the record that the city of Denison ever accepted the benefits of chapter 11, title 22, Revised Statutes of Texas, as authorized by article 1006, in the manner as provided for in article 1016, Id., and certainly this court cannot judicially know whether or not the benefits of said chapter 11 were adopted by appellee in accordance with the provisions thereof. It is not contended by the majority opinion that before appellee could enter upon the project of improving its streets it was not necessary to have adopted the provisions of said chapter 11, or that it was not necessary for proof of such adoption to have been made; the contention being that the certificates issued under said article 1011, supra, were sufficient evidence to establish as one of the prerequisites therein referred to that appellee had, in the manner required by article 1016, supra, accepted the benefits of said chapter.

The recitations of the certificates constitute no evidence upon this point, for such

certificates are meaningless, and have no validity whatever until they are shown to have been issued by proper authority. The city of Denison was not authorized generally, by law, to issue such certificates, but could only be clothed with a special power to do so upon complying with certain conditions precedent, that is, it must have adopted the provisions of said chapter 11. Then, and not until then. had it the power or jurisdiction to issue such certificates.

To the mind of the writer it is clear that the recitation of proceedings "with reference to making such improvements" applies only to all proceedings had after the benefits of said chapter had been adopted to improve the streets of the city of Denison, in reference to, and for which, said certificates were issued, in that, the language "that all prerequisites to the fixing of the assessment lien," as used in said article 1011, and contained in said certificates, has reference only to ·the proceedings had in compliance with the ordinances adopted under the provision of said chapter 11, providing for such improvements as the prerequisites to the fixing of the assessment lien against the property described in said certificates, and have no application to the proceedings necessary to be had by appellee to accept the benefits of said chapter This is borne out by the following provision found in article 1016, supra:

"Said body shall canvass and determine the results of such election; and, if a majority of the voters voting upon the question of the adoption of this chapter, at such election, shall vote to adopt the same, the result of the election shall by said governing body be entered upon their minutes, and thereupon all the terms hereof shall be applicable to and govern such city adopting the same. A certified copy of said minutes shall be prima facie evidence of the result of such election and the regularity thereof; and the facts therein recited shall in all courts be accepted as true."

This undoubtedly precludes the idea that any other certificate than the one provided for in article 1016, supra, shall be evidence of the result of such election and the regularity thereof, or that any other certificate than the one so provided for shall in all courts be accepted as true of the facts therein recited, to wit, the proceedings leading up to the adoption of the provisions of said chapter 11 as provided for in article 1016 thereof.

The writer does not wish to be understood as contending that the certificate provided for in said article 1016 is the only way in which the adoption of the benefits of the provisions of said chapter may be established. This would be, in his judgment, incorrect, for same was not intended to supplant the cumbersome method of establishing the adoption of same by original testimony showing a compliance with the requirements of the law

directing the proceedings necessary to accept the benefits of same on the part of the city undertaking so to do.

The certificates involved on this appeal were issued by appellee under the provisions of said chapter 11. By express provisions of this chapter its benefits accrue only to incorporated towns, cities, and villages which accept its benefits in the manner therein provided. Article 1006. The manner of accepting such benefits is pointed out in article 1016, wherein it is said:

"The benefits of the provisions of this chapter shall apply to any city, and the terms thereof extend to the same, when the governing body thereof shall submit the question of the adoption or rejection hereof to a vote of the resident property tax payers, who are qualified voters of said city, at a special election called for the purpose by said city."

Because the record fails to disclose that appellee had accepted the benefits of the provisions of chapter 11, either by the introduction of original proof establishing the proceedings had necessary to adopt the benefits of same, or the introduction of a certificate issued in conformity with the requirements of article 1016, supra, it is the opinion of the writer that the judgment of the court below should have been reversed, and the cause remanded.