**HERRING v. CITY OF MEXIA et al.\***
(No. 455.)

(Court of Civil Appeals of Texas. Waco.
Dec. 23, 1926. Rehearing Denied
Feb. 3, 1927.)

1. **Municipal corporations** ⬤⟹567(1) — Complaint on special assessment certificate for cost of improvement held sufficient (Rev. St. 1925, art. 1158).

Complaint for recovery on special assessment certificate for cost of street improvement, alleging proceedings were by resolution or ordinance of city commission constituted in accordance with Rev. St. 1925, art. 1158, and containing allegations of all essential preliminary steps to levying special assessment, and definitely alleging portion of street to be improved, and describing property by lot and block number, held sufficient.

2. **Municipal corporations** ⬤⟹90—Commissioner presiding in mayor's absence is not deprived of right to vote.

Commissioner presiding in absence of mayor is none the less a commissioner and is not deprived of his right to vote.

3. **Municipal corporations** ⬤⟹90—Majority constitutes "quorum" of deliberative body, in absence of contrary legal requirement.

A majority always constitutes a quorum of a deliberative body, in absence of some legal requirement fixing different number, and can take any action within power of body to transact.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Quorum.]

4. **Municipal corporations** ⬤⟹90 — Board of commissioners, in absence of mayor, may pass valid street improvement resolution or ordinance.

Board of commissioners *held* authorized, in mayor's absence, with one of them acting as mayor pro tem., to pass valid resolution or ordinance providing for street improvement.

5. **Municipal corporations** ⬤⟹488, 489(5) — Property owner with notice of special assessment is barred from defending on any ground, except such as renders assessment void (Vernon's Ann. Civ. St. 1925, art. 1096).

Under Vernon's Ann. Civ. St. 1925, art. 1096, property owner with full knowledge of assessment and proceedings connected therewith is barred after levy of assessment from thereafter defending on ground that assessment against property was excessive or proceedings irregular in other respects, unless such as would render assessment wholly void.

6. **Municipal corporations** ⬤⟹365—City's acceptance of improvement is conclusive as against property owner's collateral inquiry by way of defense to special assessment.

Due acceptance in accordance with law by city of street improvements is conclusive as against collateral inquiry by property owner as to defects in material or construction as defense to special assessment.

7. **Municipal corporations** ⬤⟹485(5) — Special assessment certificate is prima facie evidence antecedent prerequisites were complied with (Rev. St. 1925, art. 1090).

Under Rev. St. 1925, art. 1090, introduction of certificate in evidence in suit to recover on special assessment certificate for street improvement is sufficient prima facie evidence that all antecedent prerequisites had been complied with.

On Motion for Rehearing.

8. **Municipal corporations** ⬤⟹75—Assessment of "three-fourths of total cost" of street improvement including intersections, is authorized after acceptance of law by vote of property taxpaying citizens (Rev. St. 1925, arts. 1082–1105).

Although Rev. St. 1925, arts. 1086–1105, relative to assessment for costs of street im-

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 23, 1927.

provements, does not repeal articles 1082–1085, town, city, or village may, by vote of property taxpaying citizens in accordance with articles 1086–1105, accept benefits whereby the making of street improvements is controlled by such chapter, and assessment against property owners of three-fourths of total cost including street intersections against property owners is authorized.

Error from District Court, Limestone County; J. R. Bell, Judge.

Suit by the City of Mexia against Guy Herring, wherein the Uvalde Paving Company intervened. From a judgment for intervener against defendant but sustaining his plea of homestead, defendant brings error. Affirmed.

J. E. Bradley, of Groesbeck, and Rennolds & Rennolds and G. A. Walters, all of Mexia, for plaintiff in error.

White & White, of Mexia, and Holland, Bartlett, Thornton & Chilton, of Dallas, for defendants in error.

STANFORD, J. This suit was instituted by the city of Mexia against Guy Herring on a special assessment certificate issued by said city to the Uvalde Paving Company for the pro rata part of the cost of improving a portion of Kaufman street, assessed against the said Guy Herring as the owner of a lot abutting thereon, together with interest and attorney's fees provided for in said certificate, and to foreclose a lien assessed against said property for said street improvement. The Uvalde Paving Company intervened in said suit, adopted the pleadings of the plaintiff, and prayed for judgment against Guy Herring in its own name for the amount of said certificate and for attorney's fees, and for foreclosure of the assessment lien. Appellant filed an answer, consisting of a general demurrer, numerous special exceptions, a general denial, and several special pleas, one of which was that the property was exempt from the assessment because it constituted the homestead of himself and family. The case was tried before the court without a jury, and a personal judgment was rendered in favor of the intervener for the amount of said certificate, including interest and attorney's fees, against appellant Guy Herring, but sustaining appellant's plea of homestead and refusing to foreclose any lien on same. The trial court filed findings of fact and conclusions of law, which findings of fact were sufficient to require the judgment so rendered.

[1] We will not undertake to discuss all of appellant's assignments. Appellant challenges the sufficiency of appellee's pleadings by a number of assignments complaining of the action of the court in overruling his various special exceptions to same. Appellee expressly alleged, in substance, that on the 30th day of August, 1921, and at all times since, the city of Mexia was, and still is, a munici-

pal corporation, organized and existing under and by virtue of the general municipal corporation laws of the state of Texas, and operating under and had and possessed all of the powers granted to cities, towns, and municipal corporations under and by virtue of such laws, and—

"That on said 30th day of August, 1921, at an election duly had and held, after due and proper notice, order and authority, the plaintiff adopted the provisions of chapter XIV of the General Laws of the State of Texas, passed at the Second Called Session of the Thirty-First Legislature of the State of Texas, said chapter being now known as chapter XI of title 22 of the Revised Civil Statutes of the State of Texas of 1911, and commonly known as the 'General Paving Law.'"

Throughout said pleading the governing body of the city of Mexia is referred to as the "city commission." Each step in the proceedings was alleged to have been taken by resolution or ordinance of the "city commission," and under the statute that body necessarily consists of a mayor and two commissioners. Article 1158, Revised Civil Statutes 1925. All of the essential steps preliminary to levying a special assessment, such as the determination of the necessity for the improvement and ordering same, notice to the property owners, a hearing afforded to the property owners, were all fully alleged, and other matters of detail, such as the designation of an engineer, preparation and adoption of plans and specifications, advertisements for bids, awarding of contract, terms of contract, performance of contract, acceptance of work, the terms of the assessment ordinance, the contract and certificate of special assessment, were all pleaded very fully and in detail. The petition alleges definitely the portion of Kaufman street which was to be improved, to wit, the part between Sumpter and Hopkins streets. Appellant's property is described by lot and block number, facing upon the portion of Kaufman street to be improved. We think the trial court committed no reversible error in overruling appellant's general demurrer and special exceptions. These assignments are overruled.

[2-4] Under his twenty-second assignment, appellant contends that—

"The board of commissioners, in the absence of the mayor, with one of them acting as mayor pro tem., cannot pass a valid resolution or ordinance providing for street improvement, which is in the nature of taxation; and all proceedings had subsequent to a resolution passed by such board lacking a quorum are void."

In the commission form of government, the mayor and two commissioners constitute the board of commissioners. The mayor, being a constituent of the board, has the same right to vote as has either of the other two commissioners. 28 Cyc. 330. We think when a commissioner presides in the absence of the

mayor, he is none the less a commissioner and is not deprived of his right to vote. Shugars v. Hamilton, 122 Ky. 606, 92 S. W. 564; Michael v. State, 163 Ala. 425, 50 So. 929; McQuillan on Mun. Ord. § 102. A majority always constitutes a quorum of a deliberative body in the absence of some legal requirement fixing a different number, and can take any action within the power of the body to transact. 28 Cyc. 330; 19 R. C. L. 187; 6 L. R. A. 309, note; 19 R. C. L. 190. The contention of appellant as to the inability of the two commissioners to transact business necessarily assumes that the two will not agree. There is another reason, which will hereafter be stated, why this contention cannot be sustained. This assignment is overruled.

[5] Under other assignments appellant contends that the assessment against his property was excessive, that the proceedings were irregular in various respects; but our statutes, article 1096, Vernon's Annotated Statutes 1925, provide:

"Any property owner, against whom or whose property any assessment or reassessment has been made, shall have the right within twenty days thereafter, to bring suit to set aside or correct the same, or any proceeding with reference thereto, on account of any error or invalidity therein. But thereafter such owner, his heirs, assigns or successors, shall be barred from any such action, or any defense of invalidity in such proceedings or assessments or reassessments in any action in which the same may be brought in question."

As appellant had full notice of said assessment and of all the proceedings connected therewith, and an opportunity to be heard before the governing body of said city who made said assessment, and made no objections, and brought no suit to set same aside within the 20 days, as provided by statute, he is thereby debarred, when sued upon the improvement certificate, from defending on any ground, unless it is one rendering said assessment wholly void, and not merely voidable. City of Huntsville v. Mayes (Tex. Civ. App.) 271 S. W. 162; Holt v. Uvalde Co. (Tex. Civ. App.) 258 S. W. 285; City of Corsicana v. Mills (Tex. Civ. App.) 235 S. W. 220. These assignments are overruled.

[6] Under other assignments, appellant contends the court erred in refusing to permit him by pleading and proof to show as a defense why he should not be compelled to pay said paving certificate, that the material used in said improvement was defective and not that required by the contract between the city and the paving company, and that the work was defective, etc. The record discloses that on August 7, 1923, the city of Mexia passed an ordinance declaring among other things, that the improvement of Kaufman street had been fully and finally completed by Uvalde Paving Company in compliance with the contract, and accepting said improvements, and ordering the issuing of assignable certificates therefor. The improvement having been completed and duly accepted by the city as required by law, and there being no contention on the part of appellant that there was any fraud on the part of the city in accepting said improvement, said acceptance is conclusive against collateral inquiry by appellant as to defects in material or construction. Berwind v. G. & H. Inv. Co., 20 Tex. Civ. App. 426, 50 S. W. 415; 1 Dill, Mun. Corp. § 483; Emery v. Bradford, 29 Cal. 75. These assignments are overruled.

This suit was based on a certificate of special assessment made against appellant's property abutting on Kaufman street within the area improved, fully describing said property, declaring a lien against said property and also a personal liability against appellant for said improvement. An ordinance passed by the city commission, the governing body of the city of Mexia, on August 8, 1922, after citing fully the authority for issuing said certificate, provides, among other things:

"That said certificate should provide for accelerated maturity in case of default and for reasonable attorney's fees and costs of collection. * * * That said certificate should further state that the proceedings with reference to making said improvements had all been regularly had in compliance with the terms of chapter 11, title 22, Revised Statutes of Texas of 1911, and the charter and ordinances of the city of Mexia, and that all prerequisites for the fixing of the lien and claim of personal liability evidenced by said certificates had been performed, and that said recitals should be evidence of the facts so stated and no further proof thereof should be required"—and providing for other stipulations in said certificate with reference to the collection thereof.

The certificate herein sued upon provides, among other things, as follows:

"That all the proceedings with reference to making said improvements have been regularly had in compliance with the terms of chapter 11, title 22, Revised Statutes of Texas of 1911, and the charter of said city. And that all prerequisites to fixing the lien and personal liability evidenced by this certificate have been performed; that said improvements have been completed by said contractor in compliance with the terms of said contract and other proceedings and were accepted by said city on the 7th day of August, 1923."

[7] The introduction in evidence of the certificate sued upon made out a prima facie case for appellee, and was sufficient prima facie evidence that all antecedent prerequisites had been complied with. Revised Civil Statutes 1925, art. 1090; Dillon v. Whitley (Tex. Civ. App.) 210 S. W. 329; Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631; Corsicana v. Mills (Tex. Civ. App.) 235 S. W. 220; Holt v. Uvalde Paving Co. (Tex. Civ. App.) 258 S. W. 285; Watland

v. Whitham & Co. (Tex. Civ. App.) 261 S. W. 387; McCarthy v. City of Denison (Tex. Civ. App.) 262 S. W. 830. There was no evidence to rebut the prima facie case made by the recitals contained in the certificate and the ordinance authorizing and directing its issuance. However, appellee by proper evidence proved all the necessary prerequisite facts necessary to authorize the issuance of the certificate sued upon.

We have examined all of appellant's assignments, and finding no reversible error, they are hereby overruled, and the judgment of the trial court is affirmed.

### On Motion for Rehearing.

[8] Appellant contends we failed to pass on his twenty-third assignment of error, to the effect that the trial court erred in his conclusions of law that the city of Mexia had the right to include the costs of the payment of street intersections, and apportion the cost thereof to the abutting properties on the ratio and basis that the front footage of such properties bore to the total front feet of the street improved; and appellant cites the provisions of chapter 8, title 28, and contends said provisions are not repealed by the provisions of chapter 9 of title 28 of our Statutes. Chapter 8 of title 28 contains four articles, 1082 to 1085, inclusive, and was enacted in 1875. Article 1082 authorizes a city council to improve streets, whenever, by a vote of two-thirds of the aldermen present, they may deem such improvement for the public interest; "provided, the city council pay one-third and the owner of the property two-thirds thereof, except at the intersection of streets, from lot to lot across the streets either way shall be paid for by the city alone," etc. Article 1083 provides for making the estimate of the costs of such improvements, apportioning costs thereof, and assessing as taxes the proper proportionate amount against each lot fronting the street improved. Articles 1084 and 1085 provide the method of enforcing payment of said assessments. Chapter 9 of title 28, comprising articles 1086 to 1096, both inclusive, also articles 1104 and 1105 of the Revised Statutes of 1925, was enacted in 1909, and provides for a full and complete method of procedure by the governing body of towns, cities, and villages incorporated under either general or special law, entirely independent of the provisions of chapter 8, title 28, to which reference is above made. But in order for any town, city, or village to proceed under the provisions of chapter 9 in making street improvements, the provisions of said chapter must be adopted by a majority vote of the resident property taxpayers of such town, city, or village at a special election held for said purpose. Articles 1086 and 1104, Revised Statutes of 1925. In 1919 our street improvement statutes were amplified or made more complete by the enactment of articles 1097 to 1103, both inclusive; but said amendments do not undertake to change or modify any existing statutes, but are designed to meet the situation where streets have been improved and for any reason no part of the cost has been borne by the abutting property owners, in which cases the governing body of such town, city, or village is authorized to assess or reassess such abutting property. The provisions of chapter 9, title 28, do not purport to, and do not, repeal or modify the provisions of chapter 8, title 28; but if a town, city, or village has, by a vote of its property taxpaying citizens, accepted the benefits of the provisions of chapter 9, as the city of Mexia did in this case, then in making street improvements it is governed thereby, and the provisions of chapter 8 have no application, but in the absence of such acceptance, the provisions of chapter 8 would have been controlling. As the provisions of chapter 9 are controlling in this case, and said provisions authorize three-fourths of the total costs, including street intersections, to be assessed against abutting property and its owner, there is no merit in the above contention of appellant. Articles 1088 and 1090, Revised Civil Statutes 1925; Sullivan v. Roach Paving Co. (Tex. Civ. App.) 220 S. W. 444.

Appellant's motion for rehearing is overruled.