### CITY OF HUNTSVILLE et al. v. MAYES et ux. (No. 8624.)

(Court of Civil Appeals of Texas. Galveston. March 17, 1925.)

1. **Municipal corporations ⬉296(2)—Disqualification of city engineer to estimate cost of improvement no defense to action on improvement certificate.**

In action against abutting property owner on paving certificates, whether estimate of probable cost of improvements of street and report, required by Rev. St. 1911, art. 1000, was made by city engineer or some other person was immaterial, where it was approved and accepted by city council as correct, and no complaint thereof made, and, in view of arts. 999, 1014, fact that city engineer was not qualified was no defense.

2. **Municipal corporations ⬉488, 489(5) — Property owner held not entitled to question special assessment.**

In action against abutting property owner on paving certificate, where all proceedings as prerequisites to making such improvement and levying assessment to pay cost thereof had been legally performed, hearing was had thereon, and no objection made by defendants, and undisputed evidence showed that all requirements of Rev. St. 1911, arts. 1006–1017, had been complied with, and defendant, with others, signed petition, asking that street be paved, and agreeing to pave pro rata part thereof, *held* that, in view of arts. 1006, 1011, 1013, defendant's attack on proceedings of city council levying and assessing special assessment presented no defense, and admission of evidence in support thereof was error.

3. **Municipal corporations ⬉434(5) — Lien against homestead not created by special assessment.**

Under Rev. St. 1911, art. 1012, no city is empowered to fix lien by assessment against property exempt by law from sale under execution, and hence no lien can be created on homestead of abutting property owner by levy of special assessment for street improvements.

4. **Municipal corporations ⬉586 — Personal judgment for special assessment authorized.**

In action against abutting property owner on paving certificates, though no lien could be created on owner's homestead, where owner did not object to special assessment, after due notice of hearing thereon, but, on contrary, signed petition for paving to be done, and agreed to waive special assessment and pay pro rata share of costs, *held* that personal judgments will be rendered against such property owner.

Appeal from District Court, Walker County; Carl T. Harper, Judge.

Action by the City of Huntsville and another against Howell Mayes and wife. Judgment for defendants, and plaintiffs appeal. Reformed and affirmed.

Homer Stephenson, of Houston, and Dean & Humphrey, of Huntsville, for appellants.
P. H. Singeltary, of Houston, and M. E. Gates, of Huntsville, for appellees.

LANE, J. This suit was instituted by the city of Huntsville and W. A. McClendon against Howell Mayes and wife, Exie Mayes, to recover upon two certain certificates of special assessment, issued by said city as evidencing that part of the costs of paving Main street, known as Avenue K, in said city, which was assessed against the property of appellees Mayes and wife, abutting on said street. The total sum sued for was $1,579.87, together with interest and attorneys' fees as provided for in said certificates, and for a foreclosure of their lien on the property abutting on said street.

The city of Huntsville and McClendon, plaintiffs, alleged the execution of the special assessment certificates of date July 20, 1923, payable by the defendants to McClendon, who did the paving of Avenue K (Main street), under contract with said city. They alleged that the defendants were the owners of lots 275 and 276 in block 33 and lot 283 and a part of lot 287 in block 34, according to the map and plan of the city of Huntsville; that said two lots in block 33 front 201 feet on Avenue K; and that the property in block 34 fronts 102 feet on said street or avenue. They alleged regular compliance with the terms of chapter 11, tit. 22, of the Revised Civil Statutes of Texas, 1911 (arts.

1006–1017), the laws of said state, and the ordinances and resolutions of said city of Huntsville relative to special assessments and the incorporation of said city; the completion and acceptance of the paving by said city and the performance of all prerequisites to fixing of the lien and claims of personal liability evidenced by said special assessment certificates.

Mayes and wife urged a general demurrer to the plaintiff's petition, specially excepting thereto, for the reason that it did not state a cause of action and was void for uncertainty, in that it did not describe the property upon which the lien was sought with sufficient certainty. They attacked the resolution, under which the work of paving Avenue K was performed, as being void, in that the city employed one L. E. King, an engineer, who was disqualified by law to act as such engineer, and who did not take and subscribe to the oath of office prescribed by law as such officer.

They alleged that one C. F. Addicks had been employed by the city as city engineer in charge of paving work in violation of law; that the acts of C. F. Addicks, as such engineer, were void and of no effect in that the city had, prior to the performance of his work as engineer, appointed him as paving inspector, and that the said Addicks thereafter performed the duties of such paving inspector for compensation and at the same time continued to receive compensation from the city as city engineer; that Addicks was he vacated the office of city engineer, and appointed paving inspector before he performed the work relative to the pavement of Avenue K, as engineer, and that, therefore, the city illegally proceeded with said paving work without an engineer in charge thereof; that the proceedings of the city council relative to the paving of said Avenue K were not in compliance with the law, in that the estimates for the work were not based on calculations as to benefit to abutting property, but were made solely upon the basis of cost of said work without consideration as to benefits to said property by reason of said pavement; that their property had not been enhanced in value to the extent of the amount assessed against it by reason of such paving work, or to any extent whatever; that their property did not abut on said street; and that none of the pavement done was closer to their property than 20 feet.

They averred that appellant W. C. McClendon, upon reaching their property, declined to continue the pavement of said street in front of same, for the reason that they had not executed mechanic's lien, as requested by said appellant; that, in order to procure continuity in the pavement of said street, the city of Huntsville, without their consent or approval, passed a resolution, by the terms of which it agreed to fully reimburse said contractor by payment of the amount of said assessments, interest, and collection costs in the event said contractor, after exhausting all remedies in that behalf, failed to collect the amounts so assessed against any abutting property owner or owners. They then alleged that, from the date of said above-mentioned resolution, said appellant McClendon had abandoned his contract with the city of Huntsville in so far as appellees were concerned, and that he looked solely to the city of Huntsville and not appellees for the payment of said work; that said contractor, W. A. McClendon, holder of said certificates, had been fully paid for said work by the city of Huntsville; that they had not ratified or confirmed the action of the city in the enactment of said resolution; that they had not been called upon to pay for said work or any part thereof; that the only demand made upon them for payment of said improvement was by service of citation in this cause, by reason of all of which they claim that they are not liable, but that said contractor has been paid by voucher of said city issued, as alleged by them, "by the city of Huntsville, in cost of constructing the pavement sued on herein," alleging that said city, by reason of the payment of said sum, as aforesaid, was estopped from demanding payment thereof of them.

They alleged that the property in question was their homestead; said lots being claimed as their business and urban homestead. They also assailed appellants' right to recover attorneys' fees incurred, for the reason that the property sued on and attempted to be burdened with a charge for attorneys' fees was their homestead and not subject to attorneys' fees; that the requested fee of $500 was excessive, and finally pleading a general denial of the facts set forth in appellants' original petition.

The plaintiffs, by their supplemental petition, urged a general demurrer to the defendants' answer and specially excepted to paragraphs 2 to 10, inclusive, thereof, for the reason that same are not set out in due order of pleading, and point out no material defect as appearing in the plaintiffs' original petition, such as would constitute a defense. They specially excepted to so much of the defendants' answer as undertakes to collaterally attack the validity of the appointment and tenure of office of the city engineer and city inspector of the city of Huntsville, and so much thereof as attempts to collaterally attack the regularity or legality of the proceedings of the city council levying and assessing the special assessment complained of by the defendants, in that no irregularity in such proceedings is pointed out, and in that the same shows that defendants failed, after due and legal notice, to appear and contest the validity of any of the proceedings of the city council leading up to the levy and assessment of said special assessment, or to take any action, authorized by law, to

contest said proceedings and assessment within the time and manner as required by article 1015 of the Revised Civil Statutes of Texas.

For further reply to defendants' answer, plaintiffs' alleged that, prior to the time the original resolution relative to paving Avenue K was passed, defendant Howell Mayes signed and delivered to the city council a petition, in writing whereby said Mayes, together with other property owners on said street, requested said city council to pave Avenue K from Twelfth street south to Seventeenth street, and did waive the formal and technical assessment of the cost of such pavement by ordinance, and did agree to pay his pro rata part of the cost thereof according to the front-foot plan, not to exceed the maximum provided by law; that said appellee Mayes, after due notice to appear at the hearing set by the council to determine the necessity for such improvement, failed to file any protest to the action of the said council in assessing a part of the cost of said improvement against said property, and failed to file suit within the time prescribed by law in order to question the validity of any of the proceedings of said council in assessing and establishing said special assessment, but has acquiesced in all proceedings leading up to said special assessment of his property, and has received all benefits therefrom, and has expressly acknowledged the validity of such assessment by making provision for the payment of a part of said cost of said improvement in a sale of a portion of said property fronting on said street, and is therefore estopped to question or deny the validity of said special assessment certificates or any proceedings of the city council of said city under which said assessment was fixed and determined, praying for recovery as set forth in their original petition, and that appellees take nothing against appellants, and that appellants recover all costs in that behalf expended.

The court overruled all of the demurrers and exceptions of both parties, a jury was waived, and the case proceeded to trial before the court. Judgment was rendered that the plaintiffs take nothing by their suit and that the defendants recover of plaintiffs all costs of suit. From such judgment plaintiffs have appealed.

The undisputed facts show that the city of Huntsville is an incorporated city, incorporated under the general laws of the state of Texas; that, prior to the institution of the proceedings for the paving of Avenue K (Main street), said city had adopted the provisions of chapter 11, tit. 22, of the Revised Civil Statutes of Texas of 1911; that, prior to the institution of said proceedings, said city had, in manner and form, as required by law, issued bonds in the sum of $7,500 for the purpose of paving the city's portion of the paving of its streets, including Ave-

nue K; that said city, about the 1st day of August, 1922, regularly adopted an ordinance or resolution providing for the paving of Avenue K (Main street) from the south line of Twelfth street to the north line of Alcalde street, calling for bids, etc., for the construction of such paving work; that appellees' property abuts upon said portion of said street; that the city council of said city regularly passed a resolution about the 6th day of October, 1922, accepting the bid of W. A. McClendon for the paving of said Avenue K and instructing the mayor of said city to have executed proper contract and bond with said McClendon for the pavement of said street; that said city, about the 6th day of November, 1922, adopted a resolution setting forth the names of the persons, firms, corporations, etc., owning property abutting on Avenue K (Main street), including the defendant Howell Mayes, and his property, stating the number of front feet abutting on said street owned by each of such parties, the description of their several properties, the estimated cost of the whole improvement, and the estimated cost per front foot of said properties, and determining the necessity of levying an assessment against the owners of such abutting property, and against their said properties, fixing the time and place for hearing protest of property owners, if any, and directing the city secretary to give notice of such hearing, as required by law; that, in accordance with said directions, said city secretary gave the notice, provided by law, to all said property owners, and the hearing was thereafter regularly and legally had; that on or about the 20th day of July, 1923, the city council of said city passed an ordinance ordering the improvement of said Avenue K and making assessments against the property abutting on the street to be paved and against the owners of such property, including the defendant Howell Mayes, and his property; that, in pursuance of and by virtue of said last-mentioned ordinance, the city of Huntsville issued to the plaintiff W. A. McClendon the paving certificates sued on in this cause; that default had been made in the payment of said certificates before the institution of this suit; that, prior to the passage of the ordinance and resolution, directing the paving of said street, the defendant Howell Mayes signed a written petition to said city, asking the city to pave said street, and in said petition promised to pay the pro rata part of the cost of such paving as should be assessed against him and his property, not to exceed the maximum provided by law, and thereby waived the formal assessment of such cost.

The trial court found the facts, above stated, to be true and, in addition thereto, found that the city council of the city of Huntsville appointed one L. E. King, as city engineer, to take charge of said paving work, but that King never did qualify as such city

engineer, and never did have charge of said paving work or exercise any jurisdiction or authority over same; that his appointment was made as a subterfuge and evasion in order to cover up the illegal appointment of one C. F. Addicks as city engineer in charge of said paving work; that C. F. Addicks had charge of said work and furnished all estimates therefor, including the estimates on which the paving certificates, sued on, were issued, and received the compensation allowed by the city for pay of the city engineer in charge of such work; that said Addicks was disqualified by law to receive said compensation because of his relation to the mayor of said city; that, by the terms of the contract of W. A. McClendon for the pavement of said street, he had the right to decline to pave in front of any property where the owner thereof refused to pay for said paving, and that, acting under said terms, he refused to pave in front of the property of Howell Mayes, whereupon, on its own motion, the city made a new contract with McClendon for the paving of that portion of the street in front of the property of defendant Howell Mayes, and that said McClendon, in doing said paving in front of defendant's property, looked to the city, alone, for his pay for doing said work; that, after said work was done, the city paid McClendon therefor; that, while the property of defendant does abut on Avenue K, it does not abut on the pavement laid in said street, as said pavement is only 30 feet in width, in the center of the street, and that there is a distance of 15 feet intervening between said paved part of said street and the defendant's property abutting on said street; that the defendants Howell Mayes and Mrs. Exie Mayes, are husband and wife, and were husband and wife at the time of the institution of this suit, and were husband and wife at the time the paving work sued on was performed and for a long time prior thereto, and that they occupied, used, and enjoyed the property described in plaintiffs' petition as their homestead, except that part of said property which is situated in lot No. 283, block No. 34, in the town of Huntsville, on which was and is located the small grocery and confectionery and cold drink business owned and operated by the defendant Howell Mayes, which is the business homestead of the said defendant Howell Mayes, and was such business homestead at the time said paving work was done, and long prior thereto; "that the requisites prescribed in chapter 11, tit. 22, of the Revised Statutes of Texas of 1911, have in no wise been complied with by the plaintiffs as a prerequisite to fixing a lien against the property sued upon and to create a legal liability against the defendants for said paving under the terms of the resolution dated March 22, 1923, being the resolution under which and by the authority of which the said W. A. McClendon made

said improvement upon which this suit is brought, and that the paving certificates sued upon were levied and fixed under contract with the plaintiff W. A. McClendon by the city of Huntsville, dated October 25, 1922, and not under contract dated March 22, 1923; that the said W. A. McClendon stopped said paving work under his contract of date October 25, 1922, for a short period of time prior to March 22, 1923, to make a new contract with the city of Huntsville to do the paving work on which suit is brought, and that a new contract was made and entered into between the city of Huntsville and the plaintiff W. A. McClendon for the paving work described in plaintiffs' original petition."

Based upon the findings above stated, the court filed its conclusions of law as follows:

"By reason of the facts hereinabove set out, I conclude, as a matter of law, that the plaintiffs should take nothing by their suit, but that the defendants should go hence and recover of the plaintiffs all costs in this behalf expended, and it is so ordered."

In view of the finding of the trial court that McClendon did the paving in front of the property of appellee Mayes, under a new contract of date March 22, 1923, and not under the original contract of date October 25, 1922, we will here state the following undisputed facts as shown by the statement of facts:

After W. A. McClendon had paved a portion of the street under his contract, and had reached the property of Mayes, he was informed that Mayes would not agree to pay the assessments levied against him and his property, and that Mayes, and his wife, had not executed a lien on said property to secure such payment; that, being so informed, McClendon, in turn, informed the city council that he would not pave in front of the property of Mayes, unless he was secured in the payment for such work. After being so informed by McClendon, the city council directed McClendon to proceed under his contract to pave in front of the property of Mayes, and to force collection of the amount assessed against Mayes, and his property, and agreed that, in the event McClendon exhausted all legal means to collect said amount and failed, then, in such event, the city would reimburse him for said unpaid amount, and, as evidencing such agreement, the city council passed a resolution containing the following recitals:

"The citizens' committee on the question of guaranteeing assessment on paving, composed of Dr. J. W. Thomanson, W. L. Dean, and T. E. Humphrey, appeared before the council and recommended that the necessary guaranty be made.

"Be it remembered that on this the 22d day of March, 1923, at a special meeting of the city council of the city of Huntsville, held at the office of the city secretary, a quorum being

present, the following resolution was duly adopted, to wit:

"Be it resolved by the city council of the city of Huntsville that W. A. McClendon, paving contractor under contract made between the city and said McClendon, dated October 25, 1922, be and he is hereby requested and directed to pave to the width of 30 feet all that portion of Avenue K, extending from the north line of Fifteenth street to the north line of Seventeenth street, and that he comply with the terms of said contract in the matter of enforcing the collection of the pro rata part of the cost thereof assessed and to be assessed against the abutting property owners.

"Be it further resolved that, in the event said contractor, after exhausting all remedies in that behalf, fail to collect the amount so assessed against any property owner or owners, then, in such event, the city of Huntsville shall reimburse said contractor in the full amount of such assessment with interest and cost of collection."

[1] Appellants' first complaint is that the court erred in overruling their special exceptions to so much of the answer of the defendants as challenges the validity of the appointment and tenure of office of the city engineer, and so much thereof as attempts to collaterally attack the regularity or legality of the proceedings of the city council levying and assessing the special assessment complained of by defendants.

We think the exception first mentioned should have been sustained. There is no allegation that the work purporting to be the work of the engineer was in anywise erroneous or calculated to work an injury to the rights of the defendants. The only attack made against it is that it was made by one not a qualified engineer. Whether the estimate of the probable costs of the improvements of the streets and the report required by article 1000 of the Revised Civil Statutes 1911 was made by the city engineer or some other person was, we think, an immaterial inquiry; it being shown that said estimate and report was submitted to the city council, approved, accepted, and acted upon by them as correct, and it being shown that no one interested in the matter made any complaint to said council or to any one else that said estimate was in any manner incorrect.

By article 999 of the Revised Civil Statutes, it is provided that a certain portion of the costs of paving or improving streets may be assessed on the property fronting on said streets. By article 1000, it is provided that, whenever the city council shall determine to make any such improvements, they shall cause an estimate to be made of the probable costs thereof by the city engineer, or by some other officer of the city, or by a committee of three aldermen, and that such engineer, officer, or committee shall also report a full list of all lots or fractional lots to be affected by such improvements, etc. By article 1014, it is provided that the city council shall have

the power to correct any mistake or irregularity in any proceedings with reference to such improvements, or assessment of the cost thereof against abutting property and its owners, and, in case of any error or invalidity, to reassess such costs. If then the estimate and report required by article 1000 was made by a person, who was not qualified to act as city engineer, and was therefore not valid, it would seem that such estimate and report were, by the provisions of article 1014, subject to approval or rejection by the city council, or subject to such correction as might have been deemed proper by said council, and, under such circumstances, the inquiry as to who originally made the estimate complained of becomes immaterial.

From what we have said, it is clear that we do not think the attack of the defendants, on the tenure of office of the city engineer, constitutes any defense to the plaintiffs' cause of action. If it be conceded that the exception to that part of the answer of defendants which attacks the regularity and legality of the proceeding of the city council levying and assessing the special assessments complained of should have been overruled, we are, nevertheless, of the opinion that such attack presents no defense to the plaintiffs' cause of action, and that all evidence admitted to support same was erroneously admitted.

Article 1006 of our Revised Civil Statutes confers upon towns and cities, incorporated under the general law, as was the city of Huntsville, power to improve their streets, or any portion thereof, by filling, grading, raising, or paving the same.

By an act of the Second Special Session of the Legislature of 1909, p. 402, now article 1011 of the Revised Civil Statutes, it is provided:

"Subject to the terms hereof, the governing body of any city shall have power, by ordinance, to assess the whole cost of constructing sidewalks or curbs, and not to exceed three-fourths of the cost of any other improvement, against the owners of property abutting on such improvement and against their abutting property benefited thereby, and to provide for the time and terms of payment of such assessments and the rate of interest payable upon deferred payments thereon, which rate of interest shall not exceed eight per centum per annum, and to fix a lien upon the property and declare such assessments to be a personal liability of the owners of such abutting property; and such governing body shall have power to cause to be issued in the name of the city assignable certificates, declaring the liability of such owners and their property for the payment of such assessments, and to fix the terms and conditions of such certificate.

"If any such certificate shall recite that the proceedings with reference to making such improvements have been regularly had in compliance with law, and that all prerequisites to the fixing of the assessment lien against the prop-

erty described in said certificate, and the personal liability, shall be prima facie evidence of the facts so recited, and no further proof thereof shall be required in any court.

"The ordinance making such assessments shall provide for the collection thereof, with costs and reasonable attorneys' fees, if incurred."

Article 1013 of the same act provides that, before any such special assessment may be made against any property abutting on a street for the paving thereof, or against the owner thereof, a full and fair hearing shall first have been given to the owners of such property, preceded by a reasonable notice thereof given to said owners, their agents, or attorneys (such notice being prescribed by the act); that such hearing shall be before the governing body of such cities, at which hearing such owners shall have the right to contest such assessment and personal liability and the regularity of the proceedings with reference to the improvement, and the benefit of such improvement to their property, and any other matter with reference thereto, but that no assessment shall be made against any owner of abutting property on his property, in any event, in excess of the actual benefit to such owner, in the enhanced value of his property, by means of such improvement, as ascertained at such hearing; and that the governing body making such improvements under the terms of such act shall, by ordinance, adopt rules and regulations providing for such hearings to the property owners, and for giving reasonable notice thereof.

By article 1015 of such act it is provided as follows:

"Any property owner, against whom or whose property any assessment or reassessment has been made, shall have the right, within twenty days thereafter, to bring suit in any court having jurisdiction, to set aside or correct the same, or any proceeding with reference thereto, on account of any error or invalidity therein. But thereafter such owner, his heirs, assigns or successors, shall be barred from any such action, or any defense of invalidity in such proceedings or assessments or reassessments in any action in which the same may be brought in question."

It is conceded, and found by the trial court as a fact, that the city council of the city of Huntsville gave the notice required by law to the defendants of the hearing provided by article 1013, supra, and thereafter held such hearing. And it is shown by the undisputed evidence that the defendants made no protest at such hearing against any of the proceedings of the city council with reference to the levying of said special assessment, and that they brought no suit within the time provided by article 1015, supra, to set aside or correct the assessment made against them, or any proceedings with reference thereto, on account of any error or invalidity therein.

It will be observed that, by the several articles of the statutes mentioned, the Legislature has conferred upon the city council of the city of Huntsville, which had, as shown by the undisputed evidence, and the finding of the court, adopted the provisions of such statutes, authority and jurisdiction to determine both the public necessity and general benefit of the proposed improvement, and the special benefit to the abutting owners along the street to be paved, and has also made reasonable provisions for hearing upon the questions involved, together with a timely resort to the courts in the event of dissatisfaction with the ruling of the city council. It will also be observed that, by article 1015, supra, it is provided that, unless a person against whom an assessment, such as the one involved in the present suit, brings suit to set aside or correct same or to correct the proceedings with reference thereto, within 20 days from the date of such proceedings and assessments, such person, his heirs, assigns, or successors shall be barred from any such suit, or from setting up any defense to or calling in question the validity of such proceedings and assessments.

As already stated, it was shown that defendant Howell Mayes and others had, before the proceedings of the city council resulting in the improvement of said street, and the levying of the assessment complained of had taken place, petitioned said council to order such improvement; that all proceedings, as prerequisites to making such improvements, and levying assessments to pay the costs of such improvements, had been regularly performed; that the council had, in manner and form as required by law, after due notice, given a hearing, at which all interested parties were notified to appear and file their protest, if any they had, to the proceedings providing for said improvement and said assessments, and that, notwithstanding such notice of such opportunity to object to any of the proceedings of said council, defendant Howell Mayes made no such objection, nor did he prosecute any suit within the time provided by law, for bringing a suit to contest said proceedings.

We deem it appropriate at this point to refer to the fact that the trial court, in its finding of facts, states substantially that the paving work in front of the property of defendants was done under a new contract of date March 22, 1923, and not under the original contract of October 25, 1922, and that the requisites prescribed in chapter 11, tit. 22, Rev. Statutes of Texas 1911, were in no wise complied with by the city of Huntsville as a prerequisite to creating a personal liability against defendant Howell Mayes. These findings are properly attacked by appellant as being unsupported by any evidence and as contrary to the undisputed evi-

·dence. We think such attack must be sustained. The undisputed evidence shows that the paving was done under the original contract of October 25, 1922, and that all the requirements of chapter 11, tit. 22, of the Rev. Statutes had been substantially complied with with reference to the matters involved in this suit. Indeed, in the additional findings filed by the trial judge, he finds substantially that the city had in its proceedings, with reference to such matters, complied with the requisites prescribed by the statutes as a prerequisite to creating a personal liability against said defendant.

In Hutcheson v. Storrie, 92 Tex. 698, 51 S. W. 848, 45 L. R. A. 289, 71 Am. St. Rep. 884, decided before the amendment of chapter 11, tit. 22, of our Revised Civil Statutes of 1911, it was held that there was no due process provided because no opportunity for a hearing on the question of benefits was provided; the 'hearing allowed being on matters wholly foreign to the special benefits, so that an ordinance while apparently giving a hearing, "but kept the promise to the ear while it broke it to the hope," but held in effect that, had such hearing been provided, ·there would have been due process. Since said decision was rendered, however, the Legislature has amended the article providing for a hearing as to special benefits, and, since said amendment, it has been repeatedly held, by our appellate courts, that it is error to permit an inquiry into questions of benefits to property of landowners in a suit filed more than 20 days after date of hearing accorded to taxpayers on question of assessment for paving under Revised Statutes, arts. 1011, 1012, and 1015. City of Corsicana v. Mills (Tex. Civ. App.) 235 S. W. 220; Jones v. City of Houston (Tex. Civ. App.) 188 S. W. 688; Cole v. Forto (Tex. Civ. App.) 155 S. W. 350; Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631; Dillon v. Whitley (Tex. Civ. App.) 210 S. W. 329; 25 R. C. L. p. 140.

In 25 R. C. L. p. 140, it is said:

"It has often been held that the determination by a city council under proper legislative authority that certain property will be benefited by a local improvement is usually conclusive and not open to question before the court. If it appears that the city council has exercised an honest discretion in determining this question of policy, however much it may have erred in judgment, the remedy is at the polls in choosing a new council, and not by reviewing its proceedings in the courts.' If the courts were invested with authority to review these questions of policy, but few assessments could ever be collected without an action, and the adjudication of purely legislative questions would be substituted for the discretion of a city council."

However, if we be mistaken in our conclusion that the undisputed evidence shows that the city had, in its proceedings with reference to paving said street, complied with the requisites prescribed by law as prerequisites to creating a personal liability against defendant Howell Mayes, such liability is, nevertheless, created by the petition signed and presented to the city council by Howell Mayes and others, asking that said street be paved, which said petition contains, among other things, the following:

"We do hereby waive the formal and technical assessment of the costs thereof by ordinance, *and agree to secure and pay the pro rata part thereof, chargeable to us respectively, according to the front-foot plan, as may be determined by the city council, not to exceed the maximum provided by law.*"

[2] In view of the statutes and the holdings in the cases cited and the undisputed facts, we feel constrained to hold that the attack, made upon the proceedings of the council with reference to the assessment, pleaded by the defendants in their answer, presents no defense to plaintiffs' suit, and that all evidence offered and admitted for the purpose of sustaining such attack was erroneously admitted over the objection seasonably made thereto by appellant.

[3] We now come to a consideration of the question as to whether appellant is entitled to the establishment and foreclosure of a lien on appellees' property. The court found upon sufficient evidence that such property was, at and before the time of the proceedings with reference to the paving work and the assessments made for ;the payment of the costs thereof, the homestead of Howell Mayes and wife, and that, under the facts shown, appellants were not entitled to such lien. No lien can be created upon the homestead of a family in the manner contended for by appellants. It is specially provided by article ·1012 of chapter 11, tit. 22, of the Revised Statutes that no city is empowered to fix a lien by assessment against any property exempt by law from sale under execution.

In Creosoted Wood Blk. Pav. Co. v. McKay (Tex. Civ. App.) 211 S. W. 825, it is said:

"While the Constitution permits liens in favor of builders, mechanics, and materialmen to be fastened upon the homestead, they may be created only in the manner directed by the Constitution, which declares, in substance, that mortgages, trust deeds, or other liens upon the homestead shall never be valid, except for the purchase money, taxes, or the cost of work or material used in constructing improvements thereon, and in the latter case only when the work and material are contracted for in writing, with the consent of the wife given in the manner required in making sales and conveyances thereof. Article 16, § 50. Such provisions, if they do not expressly deny the Legislature the right to create a lien upon the homestead, clearly do so by necessary implication, since any such lien against the homestead, when not contracted for in writing with the consent of the wife, 'shall never be valid.' "

[4] We have reached the conclusion that plaintiffs, under the facts shown, are entitled to a personal judgment against Howell Mayes for the sum sued for, together with 8 per cent. interest thereon from the 20th day of July, 1923, until paid, and that the undisputed evidence shows that appellants had employed attorneys to bring this suit, and that the services performed in said suit by said attorneys is of the reasonable value of $250.

Judgment should also be rendered in favor of appellants against Howell Mayes for the sum of $250 as a reasonable attorney's fee, and such as is provided for in the statutes and the certificates sued upon.

Having reached the conclusions above expressed, the judgment is reformed, and judgment is here rendered in favor of appellants against Howell Mayes for the sum of $1,-579.87, with 8 per cent. per annum interest thereon from the 20th day of July, 1923, until paid, and for the further sum of $250 attorney's fee.

The judgment in all other respects is undisturbed.

Reformed and affirmed.