**Caleb DEHART, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 24, 1956.

Isaac Turner, Hyden, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Caleb Dehart was convicted of the crime of maliciously and willfully shooting and wounding Owen Fields with intent to kill, but from which shooting and wounding Fields did not die. See KRS 435.170(1). He appeals from a judgment sentencing him to the penitentiary for two years, urging these grounds for reversal: (1) The verdict was against the law and the evidence; and (2) the court erred in refusing him a continuance upon his discovery that an eyewitness, George Buckner, was absent on the day of the trial.

During the afternoon of July 5, 1954, Caleb Dehart encountered Owen Fields on a road near Masie's Creek in Perry County. Four eyewitnesses testified Dehart, who was considerably intoxicated, cursed Fields and accused him of stealing $25 and some cigarette papers from him the evening before when the two were on a drinking spree with a couple of other men in Leslie County. Thereupon Fields took a book of cigarette papers from his pocket, asked Dehart if they were his, received "yes" as a reply, and then threw the book of papers at Dehart. The latter immediately drew a pistol and fired two shots at Fields, which, according to him, penetrated "on a side, down low." Fields, although wounded, closed in on Dehart and managed to strike him in the

face with his fist, almost knocking him to the ground. Dehart recovered his balance and fired two additional shots, both of which entered Fields' stomach. At this point Dehart fled the scene of the shooting. Fields was unarmed at the time he was assaulted. It was also brought out that Dehart had been hunting for Fields on the occasion of the shooting.

Dehart's uncorroborated version of the altercation was that Fields provoked the fight by asking him in response to his accusation which one of the group he charged with stealing his cigarette papers and money; that after he replied it was Fields, the latter threw the book of papers at him; that as he stooped to pick them up, Fields delivered him a blow on the face and grabbed him around the neck with a chokehold; and that he shot him four times "just to get loose."

■ Dehart relied upon self-defense to justify his shooting and wounding of Fields. The evidence, other than his own, does not show that he had cause to believe he was in immediate danger of great bodily harm, much less death, at the hands of Fields. He was armed, whereas his victim was weaponless. According to the Commonwealth's four witnesses, Dehart was the aggressor, because he had sought out Fields to stir up trouble with him. Whether Dehart did or did not act in self-defense was clearly a question of fact to be determined by the jury from the evidence, and he cannot complain that they did not accept his account of the shooting. We certainly do not believe the verdict was contrary to the law and the evidence.

Passing on to the second ground urged for reversal, Dehart stated his witness, George Buckner, had been counted present on the day previous to the trial when the Commonwealth was granted a continuance of the case, and he now claims the lower court should have stopped the trial, set aside the swearing of the jury and continued the case when, on the day of the trial, he suddenly ascertained Buckner was absent and orally informed the court of this fact. There is no showing in the record that proper diligence was exercised to have the claimed witness present on the day the case was set and tried, or that his absence was brought to the court's attention until after the jury had been sworn and Dehart and his counsel had announced ready for trial. Nor was there an affidavit for a continuance filed at any time.

■ In Carter v. Commonwealth, 258 Ky. 807, 81 S.W.2d 883, this Court laid down the rule that a motion for continuance based upon the absence of a material witness must be supported by an affidavit showing these allegations: The steps which were taken to procure the attendance of the witness, the substance of the evidence expected to be proven by the witness if he were present to testify, and the materiality of the non-attendant witness' testimony to the case. It must also appear in the affidavit that the witness is within the jurisdiction of the court, that he is absent without the consent or procurement of the accused and that the facts he could establish by the witness are true. See Section 189 of the Criminal Code of Practice.

■ The court justifiably refused to stop the trial and grant a continuance when Dehart completely failed to follow the procedure we have outlined. The mere statement of his omission to pursue the required course to entitle him to the relief he sought gives its own answer.

Wherefore, the judgment is affirmed.