**Shelby GIBSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 10, 1957.

Luker & Luker, Charles R. Luker, London, for appellant.

Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

SIMS, Judge.

Appellant, Shelby Gibson, was driving a car which struck and killed James White, an eight year old boy. Gibson was indicted for and convicted of voluntary manslaughter and his punishment was fixed at confinement in the penitentiary for five years. On this appeal he seeks to reverse the judgment because the court erred: 1. In overruling his motion for a continuance;

2. in not granting him a new trial because the verdict is against the law and the evidence; 3. in instructing the jury.

Appellant's motion for a continuance was duly filed and his supporting affidavit set out in detail the testimony each of the four absent witnesses would give if they were present in court. However, his affidavit failed to meet the requirements of § 189 of the Criminal Code of Practice in that it did not state he had caused a subpoena to be issued for each of the absent witnesses, nor did it state he had made any effort to obtain their attendance at the trial and that the witnesses were absent without his consent or procurement. Hunt v. Com., 273 Ky. 806, 117 S.W.2d 1010; Jones v. Com., 310 Ky. 180, 220 S.W.2d 369; Dehart v. Com., Ky., 287 S.W.2d 618.

It has long been the rule in this jurisdiction that for an accused to obtain a continuance on account of absent witnesses he must show in his affidavit for continuance reasonable diligence on his part to procure their attendance and that their absence was unavoidable. Dehart v. Com., Ky., 287 S.W.2d 618; Carter v. Com., 258 Ky. 807, 81 S.W.2d 883. Here, appellant's affidavit averred all the absent witnesses were residents in the near vicinity where the accident happened, yet the affidavit did not state why they had not been subpoenaed, nor did it show any diligence on appellant's part to obtain their presence in court. In the circumstances presented in this record the trial judge did not abuse his discretion in overruling the motion for continuance.

In his brief appellant in effect admits his affidavit for continuance did not comply with the requirements of § 189 of the Criminal Code of Practice, but he argues that by agreement with the Commonwealth Attorney the formalities of § 189 were waived. However, there is nothing in the record to indicate any waiver on the part of counsel for the prosecution and this court is limited to the record before it in deciding this case.

■ ■ The evidence for the Commonwealth shows that about 9 p. m., on April 17, 1956, in the outskirts of Manchester, appellant, with two friends in the front seat of his car, was driving on his left side of the road between 60 and 70 miles an hour. The car ran into the ditch line, then cut across the road and struck Bart Napier and James White, killing the latter, and went over an embankment. Napier and White were walking facing the car on their extreme left side of the road, were off the pavement and were on the berm of the road. A car-hop, Wanda Keith, who had served appellant food and a soft drink shortly before the accident, testified he was drunk, as did Walter Woods, a State Policeman, who arrested appellant soon after the accident.

The evidence for appellant was to the effect that he was driving 35 or 40 miles per hour on his right side of the road. The lights of an approaching car blinded him, he ran into a hole in the road which caused him to lose control of the car and it ran across to the left side of the road, hit the ditch line, threw him out and then ran across to the right side of the road, struck White and went over an embankment. Appellant denied he was drinking. He was corroborated by his two friends in the front seat of the car as to how the accident happened. They also testified he was not drunk. He was further corroborated by other witnesses who stated he was not drinking and the accident happened in the manner appellant described.

It is patent the evidence was sufficient to support a voluntary manslaughter verdict since it justified the jury to conclude that appellant was operating his car while intoxicated and while it was being driven at an excessive rate of speed in a built-up area and in a wanton and reckless manner in utter disregard of human life. Kelly v. Com., Ky., 267 S.W.2d 536. Also, we have written a conviction for voluntary manslaughter will be sustained in the absence of evidence of the driver's intoxication where it is shown the car was operated in

a wanton and reckless manner. Johnson v. Com., Ky., 256 S.W.2d 527.

■ Appellant's criticism of the instructions is that the one on accidental killing is erroneous because it does not properly present his defense that the killing was an accident. This instruction reads:

"If the jury believe from the evidence that the killing of James White referred to in the indictment and the instructions herein, resulted from an accident occurring otherwise (than) as set out in instructions Nos. 2, 3 and 4 above, then you will find him not guilty."

This instruction is the same as that appearing in instruction No. 4 in Stanley's Instructions to Juries, § 817, p. 1084, which was taken from Jones v. Com., 213 Ky. 256, 271 S.W. 164, except it left out "than", which we have inserted in the above quoted instruction. It is evident the omission of "than" could not have confused the jury as it is bound to be implied in reading the instruction. In the very recent case of Monson v. Com., Ky., 294 S.W.2d 78, we approved this instruction on accidental killing. Therefore, we find no merit in appellant's criticism of the instruction.

■ However, we call attention to the fact the trial judge in drawing his instructions in this case apparently did not heed Marye v. Com., Ky., 240 S.W.2d 852, wherein we held that ordinary negligence of an accused in causing the death of one in an automobile accident was not sufficient to constitute his guilt of voluntary manslaughter. In the Marye case we said that in such an instance the accused must be guilty of gross negligence before he could be convicted of even involuntary manslaughter. We there overruled Jones v. Com., 213 Ky. 356, 281 S.W. 164, and other cases which approved a conviction of involuntary manslaughter on a finding of no more than ordinary negligence on the part of accused.

This Marye opinion led to the enactment of KRS 435.025 creating the crime of causing death by the mere negligent operation of a motor vehicle, carrying a penalty of imprisonment in the county jail for not more than one year.

In the instant case the court correctly instructed under KRS 435.025, but erroneously instructed on the misdemeanor of involuntary manslaughter inasmuch as this latter instruction allowed the conviction of appellant of involuntary manslaughter if he were guilty of ordinary negligence. However, this error was not prejudicial to appellant because the jury found him guilty of voluntary manslaughter because of his reckless and wanton negligence in operating his car in utter disregard of human life, as was correctly set out in the felony instruction. In Palmer v. Com., 240 Ky. 175, 41 S.W.2d 936, it was held that erroneous instructions covering the misdemeanor of permitting operation of gambling devices on premises (KRS 436.240, formerly K.S. § 1967) was not prejudicial when the jury convicted accused of the felony of setting up and operating a game of chance (KRS 436.230, formerly K.S. §§ 1960, 1961) under a correct felony instruction.

Perceiving no error prejudicial to appellant's substantial rights, the judgment is affirmed.