Edward Anthony WAGNER, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 9, 1962.

**152**

Robert N. Hubbard, Elizabethtown, William E. Johnson, Frankfort, for appellant.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

Edward A. Wagner, Jr., has appealed from a judgment sentencing him to five years' imprisonment for detaining a woman against her will with intent to have carnal knowledge of her. KRS 435.110. As grounds for reversal he urges that the court erred: (1) in refusing to grant a continuance; (2) in overruling the motion for a directed verdict of acquittal; (3) in permitting the jury to hear and consider incompetent and prejudicial testimony and (4) in allowing the Commonwealth's Attorney to make an improper and prejudicial argument to the jury.

At appellant's arraignment on May 19, 1961, the court appointed counsel to defend him, and, upon his plea of not guilty, assigned the case for trial on June 8, 1961. When the case was called for trial counsel for appellant moved for a continuance and requested the court to permit appellant to make a statement in chambers. The request was granted and appellant gave an account of his activities on the afternoon the offense allegedly occurred which, if proved, would establish an alibi. He stated further that neither he nor his friends had any money or property and therefore he had been unable to post bail, locate witnesses who could substantiate his alibi, or have them interviewed and available to testify in his behalf at the trial. Although it was disclosed that his court appointed counsel had discussed the case with him on two occasions he said that he had not believed it to be necessary to inform his counsel of the witnesses he desired to have subpoenaed. He claimed that additional time was necessary to prepare his defense.

The method employed by appellant to obtain a continuance failed to meet the requirements of Section 189 of our Criminal Code of Practice. Appellant's statement was not made under oath nor was it supported by an affidavit. It does not show whether the persons whom he desired to

testify in his behalf were presently within the jurisdiction of the court or that he had exercised any diligence in the matter. Furthermore, he does not claim that the attorney representing him had been derelict in preparing a defense or that he was dissatisfied with the services of his attorney. Under the circumstances presented the trial judge did not abuse his judicial discretion in overruling the motion seeking a continuance of the case. Gibson v. Commonwealth, Ky., 302 S.W.2d 128; DeHart v. Commonwealth, Ky., 287 S.W.2d 618.

During the afternoon of February 23, 1961, while driving alone on Highway #62, Lucinda Janice was stopped by a man who represented himself as a deputy sheriff. He compelled her to get into his car and drove her to a secluded spot on a side road where he forced her out of the car, tied her hands behind her back, threw her in the back seat of the car, and forced off her shoes. She thought he was trying to have intercourse with her. After a short struggle he untied her and took her back to her car. She identified appellant as her assailant.

■■ Appellant contends that the proof was insufficient to show that he had detained Miss Janice with intent to have carnal knowledge of her. The elements of the offense denounced by KRS 435.110 are (1) an unlawful detention of a woman (2) with intent to have carnal knowledge of her. Commonwealth v. Littrell, 4 Ky.Law Rep. 251. When an unlawful detention has been established, only slight evidence is required to show the purpose of the detention. Pardue v. Commonwealth, 224 Ky. 783, 7 S.W. 2d 211. The evidence in the instant case sufficiently established the elements of the offense denounced by KRS 435.110. Tobin v. Commonwealth, Ky., 257 S.W.2d 908.

■ Appellant maintains that the court erred in permitting Miss Janice to stand while testifying and in allowing her to do so while under mild sedation. The record reflects that Miss Janice had informed the trial judge of a painful back condition which had developed overnight and also of the fact that she had taken some medicine to relieve the pain. Since she testified without objection the alleged grounds of error are not reviewable on an appeal to this Court. Collins v. Commonwealth, Ky., 297 S.W.2d 54.

■ Appellant next complains that the court erred in permitting the prosecution to introduce into evidence a sweater, coat and trousers which a policeman obtained from appellant's wife. Appellant urges that the clothing was obtained from his home during an illegal search. However, there is no evidence which supports this claim. The testimony merely shows that the articles of clothing were given to a state trooper by appellant's wife when he went to her home. Consequently, the evidence fails to establish that the clothing was obtained by means of a search. See, 79 C.J.S. Searches and Seizures § 1, page 775.

■ During his closing argument to the jury the prosecuting attorney emphasized the fact that appellant had admitted he was a felon. Appellant contends that this argument was improper and prejudicial because the court had previously erred in allowing the Commonwealth's Attorney to ask questions of appellant in such a manner as to cause him to admit having been "at Kentucky State Reformatory." The admission of this fact was disclosed when appellant was being interrogated concerning his previous places of employment. Upon this disclosure the court admonished the jury to consider it only for the purpose of affecting appellant's credibility as a witness, if it did so. Under these circumstances we find no error either in its admission in evidence or in the reference to it in the prosecuting attorney's closing argument.

Judgment affirmed.