## UVALDE CO. v. KENNEY et al. (No. 7681.)†

(Court of Civil Appeals of Texas. San Antonio. Jan. 19, 1927. Rehearing Denied March 2, 1927.)

1. Municipal corporations ⬳444—Validity of assessment for improvements depends on full compliance with statute.

Validity of assessment certificate for street improvements depends on whether statute relating to assessments has been fully complied with.

2. Municipal corporations ⬳483(1)—Omission to record conclusions of council on assessment hearing held not to invalidate assessment certificate (Rev. St. 1911, art. 1013).

Fact that city clerk omitted from his minutes conclusions reached by city council as a result of hearing on paving assessment, which conclusions were required to be kept in minutes by ordinance, did not render hearing void, invalidating assessment certificate based there-

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 27, 1927.
† Writ of error refused April 27, 1927.

on, where Rev. St. 1911, art. 1013, requiring full and fair hearing to property owners, was fully complied with, and where conclusion of city council that assessment was authorized was apparent from subsequent passage of assessment ordinance and recitals therein.

**3. Municipal corporations** ⬅️455—**Full and fair hearing on assessment is accorded property owner allowed to participate and offer evidence (Rev. St. 1911, art. 1013).**

Full and fair hearing on assessment for improvements, to which property owner is entitled under Rev. St. 1911, art. 1013, is accorded, where property owner is given fair opportunity to offer evidence and participate freely at hearing, which develops all facts essential as basis for proposed assessment.

**4. Municipal corporations** ⬅️483(1)—**Omission to record council's conclusion raised no presumption that conclusion in favor of assessment was not reached, where fact otherwise appeared.**

Fact that city clerk, required by ordinance, to record conclusion reached by city council at hearing on assessment for paving improvement, failed to record conclusions, raised no presumption, either conclusive or persuasive, that conclusion in favor of assessment was not arrived at, where fact appeared otherwise in record; sole effect of omission being to let in proof that no conclusion was ever reached.

**5. Municipal corporations** ⬅️483(1)—**Subsequent recitals that paving assessment was authorized made prima facie case in its favor though clerk omitted to record council's conclusion.**

Though city clerk failed to record conclusion of council as to levying paving assessment, as required by ordinance, recitals in subsequent proceedings of council and in certificate based thereon that, on hearing, and as result of it, council found assessment was authorized, made prima facie case in favor of assessment.

**6. Municipal corporations** ⬅️455—**Ordinance requiring clerk to record council's conclusion at assessment hearing did not prevent council's reaching conclusion at closed meeting (Rev. St. 1911, art. 1013).**

Ordinance requiring city clerk to record conclusion reached by city council on several matters presented at hearing on paving assessments did not require that council should arrive at and promulgate their conclusion before final adjournment of hearing or at adjourned hearing, where property owner could be present, in view of provision that, after hearing has been closed, city council shall determine amounts to be assessed, and make assessment; property owner not being entitled to participate in hearing on conclusion under Rev. St. 1911, art. 1013, which gives right to full and fair hearing.

**7. Municipal corporations** ⬅️455—**Evidence council arrived at no conclusion at assessment hearing held inadmissible to impeach assessment certificate (Rev. St. 1911, art. 1013).**

In action against property owner on paving assessment certificate, where property owner was accorded full and fair hearing under Rev. St. 1911, art. 1013, evidence offered to show that no conclusion was arrived at by council at hearing, held properly rejected, though ordinance provided city clerk should record conclusions reached by council on several matters presented at assessment hearing, as council was not required to come to conclusion at open hearing.

**8. Municipal corporations** ⬅️485(2)—**Assessment certificate, signed by mayor and clerk, held valid, though dated prior to their becoming officers.**

In action against property owner on paving assessment certificate, certificate held valid, though purporting to be signed by mayor and city clerk at date prior to their taking office, where it appeared from record that certificate was actually executed by them after taking office, and while they occupied official positions.

**9. Municipal corporations** ⬅️488, 489(5)—**20-day limitation on property owner's right to challenge assessment does not apply, where proceedings are void (Rev. St. 1911, art. 1015).**

Rev. St. 1911, art. 1015, providing that property owner who fails to bring suit within 20 days after assessment for street improvements is barred from questioning validity of assessment proceeding, bars only defenses against irregularities which render proceedings voidable, and does not bar defense against proceedings which are void.

**10. Municipal corporations** ⬅️488, 489(5)—**Property owner's right to question assessment for clerk's omission to record council's conclusion held barred by 20-day limitation (Rev. St. 1911, art. 1015).**

Cause of action for irregularity in assessment proceedings for paving improvement by virtue of city clerk's omission to record conclusion reached by city council on assessment hearing, as required by ordinance, held barred 20 days after adoption of assessment ordinance, under Rev. St. 1911, art. 1015, proceedings being merely voidable by omission of minutes of council's conclusion, as act directed by ordinance is merely clerical, not affecting merits.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by the Uvalde Company against John Kenney and others. Judgment for defendant John Kenney, and plaintiff appeals. Reversed and remanded.

Terrell, Davis, Huff & McMillan and E. W. Clemens, all of San Antonio, for appellant.

Joseph Ryan and Dilworth & Marshall, all of San Antonio, for appellees.

SMITH, J. The appeal involves the validity of a proceeding by which the city of San Antonio issued a street paving assessment to the assignor of the Uvalde Company, paving contractors, to cover the cost of paving Laredo street in front of the property of John Kenney, against whom the assessment was made by the city. There is no occasion here

to set out more of the procedure had in the transaction than that relating to the questions of law presented in the appeal. The judgment appealed from is based upon a directed verdict in favor of Kenney, the property owner, and denying recovery to the Uvalde Company upon the assessment certificate owned by it.

The procedure in pursuance of which the certificate was issued was had under provisions of the Revised Statutes of 1911, relating to street improvements in the cities of the state. We quote from appellee's brief:

"Article 1013 of the Revised Statutes of 1911 contains the following provision:

" 'No assessment of any part of the costs of such improvement shall be made against any property abutting thereon, or its owner, until a full and fair hearing shall first have been given to the owners of such property, preceded by a reasonable notice thereof, given to said owners, their agents or attorneys.'

"And the same article further provides:

" 'But no assessment shall be made against any owner, or abutting property, or his property, in any event, in excess of the actual benefit to such owner in the enhanced value of his property by means of such improvement, as ascertained at such hearing.'

"Section 24 of the procedure ordinance of the city of San Antonio, passed and approved the 18th day of December, 1913, is as follows:

" 'The city clerk shall keep in a well bound book, a record of each such hearing, showing the date of the publication of notice, and the name of the paper in which same was published, and showing a copy of the notice and the manner of service of each personal notice, and the return made thereof, and also showing the date when and by whom each statement or objection was filed, and also showing the continuances from time to time, if any, of such hearing, and the names of all contestants hearing, or heard, during each such hearing, and the conclusion reached by the city council in the several matters presented, and the final adjournment of such hearing.' "

[1] It is not contended that any irregularity occurred in the procedure prior to the hearing upon the proposed assessment. All the required preliminary steps were regularly taken by the city, and, after the requisite notice of the proposed hearing was duly given them, the several interested property owners, including appellee Kenney, appeared before the city council, and freely participated in that hearing. The protest of the property owners was placed before the council, and considered, and all the evidence essential to a full and fair hearing was adduced, including testimony that the enhancement of the value of the property by reason of the proposed improvement would greatly exceed the amount of the assessments. No evidence is in the record tending to show that the actual hearing, nor anything occurring prior thereto in the proceeding, fell short of full compliance with the statute,

which is the true test of the validity of such obligations as this sued on.

[2] But appellee in his evidence bases his contention of the invalidity of the certificate, not upon what actually occurred upon the hearing, for there is no evidence thereon, but upon the insufficiency of the clerk's minutes of the proceedings at the hearing. It is conceded that the clerk's minutes were sufficient and in compliance with the form prescribed in section 24 of the procedure ordinance, which is set out above, except that those minutes did not include a statement showing the "conclusion reached by the city council in the several matters presented" at the hearing, as prescribed in said section 24. It is true that showing is omitted from those minutes, which do not disclose the conclusion reached by the council as a result of the hearing. Now appellee contends that this omission from the clerk's minutes renders the hearing absolutely void, and totally invalidates the certificate based in part thereon. This raises the only substantial question in the appeal.

[3] We have concluded that the contention is without merit. The validity of the hearing given the property owners depends, after all, upon whether or not such hearing was had only upon due notice, was fair and full, and was conducted in the manner prescribed by statute. If the property owner is given the notice prescribed by statute, is given an opportunity to be heard in pursuance of that notice, if he appears, is given full and fair opportunity to offer evidence upon the subject of inquiry, if he participates freely and at will in the hearing, if the hearing develops all the facts essential as a basis for the proposed assessment, then the demands of the law have been met, and the council may proceed with the assessment. These are the essentials of a "full and fair," and therefore valid hearing. All these requirements were met in this case, according to the minutes of the clerk, the recitals in the subsequent assessment ordinance, and the paving certificate issued in response to that ordinance. No testimony was admitted which impaired the effect of those recitals, which certainly made a prima facie case for appellant.

[4] The mere isolated fact that the clerk omitted to state in his minutes of the hearing the conclusion reached by the council as a result of the hearing does not raise a presumption, either conclusive or persuasive, that no such conclusion was arrived at where the fact is otherwise shown in the record.

[5] For, while it is true that section 24 provides that the clerk shall note such conclusion in his minutes, there is no provision in the statute that his failure to do so shall invalidate the proceeding, and, the act being purely clerical and directory in its nature, and in no wise affecting the merits of the hearing, the validity of the proceeding will

not be affected by its omission. At most, the only effect of the omission is to let in proof that the act of which no mention is made in the minutes did not actually transpire, in which event the issue becomes one of fact. In the meantime, the recitals in the subsequent proceedings of the council and in the certificate based thereon, that upon the hearing, and as a result of it, the council found that the assessment was authorized, make a prima facie case in favor of the assessment.

[6] Appellee earnestly contends, in effect, that it is contemplated in the procedure ordinance that the council shall arrive at and promulgate their conclusions in an open session of the hearing, and before final adjournment thereof, and that, if this is not done at the session at which the evidence is heard, it is the duty of the council to recess the hearing to another open meeting thereof, of which the property owners must have notice, and an opportunity to again be heard at such adjourned meeting; that otherwise they have not had the full and fair hearing vouchsafed them by the law. We do not understand that this contention has any support in the law. There is no such express provision, and none can be reasonably implied. The property owner is entitled to be present and participate in the hearing of any evidence from which the council is to deduce its conclusions, but he is not entitled, as a matter of right, or by the provisions of the statute, to be present at the meetings of the council, held after the hearing, for the purpose of deliberating upon the evidence taken in open hearing and reaching a conclusion from that evidence. The minutes of the clerk show that the hearing was duly had, and was formally "closed," and the assessment ordinance subsequently adopted in consequence of that hearing expressly recited that the hearing was duly had and conducted after the prescribed notice to the property owners, who appeared and participated therein; that their claims were duly heard and considered; that the hearing was duly adjourned on the same date; and that, "being of the opinion that the assessments herein below levied and the personal liabilities hereby declared are just and equitable," such assessments were thereupon ordered. This procedure was clearly provided for by the procedure ordinance, in section 25 of which it is provided that, "after such hearing has been closed and the city council, after due consideration of the statements and evidence adduced thereat, and from any other evidence at hand, shall determine what respective amounts, if any, may be lawfully and properly assessed against" the abutting property and its owners, and "thereupon by ordinance" shall make the assessment. It is quite clear that it was not contemplated that the council should reach and announce their conclusions at and as a part of the hearing proper. It is equally clear that it was contemplated that their deliberations upon the case and the arrival at their conclusions should follow the "closing" of the formal hearing. And the mere omission by the clerk from his minutes of the recitation showing the conclusions reached by the council as a result of the hearing, while constituting an irregularity, did not have the effect of destroying the validity of the whole proceeding.

[7] If the record contained no evidence that such conclusions were ever arrived at by the council, then the omission from the clerk's minutes would become material, and perhaps controlling. But the mere fact of the subsequent passage of the assessment ordinance shows that such conclusions were reached, and what they were, and the recitation in that ordinance that the conclusions were regularly arrived at in accordance with the prescribed procedure further, and perhaps conclusively, established the fact. Upon the trial, but in the absence of the jury, appellee offered evidence for the purpose of showing that no conclusions were arrived at by the council at the hearing, but this evidence was excluded by the court, and therefore can serve no purpose whatever in this appeal. We think it was properly excluded, since the only effect of it was to indicate that at the close of the hearing the individual commissioners were then divided in their conclusions upon the whole case. Their subsequent action, without further hearing of evidence, showed that their differences of opinion were composed before taking final action. This event rendered a second hearing unnecessary; none was had; and, under the law, none could be demanded by the property owners.

[8] The assessment certificate sued on is dated May 12, 1921, and was signed by O. B. Black as mayor and Ben A. Cordell as city clerk. On that date Sam C. Bell was in fact mayor of the city and Fred Fries clerk. Black did not become mayor until June 1, 1921, and Cordell did not become clerk until June 4, 1921, and hence neither was in office at the formal date of the certificate bearing their official signatures. But it is made to appear in the record that, notwithstanding the certificate is dated at a time when neither Black nor Cordell was in office, it was actually executed by them after they took office, and while occupying those official positions. Appellee questions the validity of the certificates on account of this state of facts but we overrule the contention on authority of Holt v. Uvalde Co., 258 S. W. 285, decided by this court under a like state of facts concerning the same officials. It is true that the judgment of this court in that case was reversed by the Supreme Court (269 S. W. 73), but upon another ground. As the point here raised was vital in that case, as it is here, and could not well be overlooked, we assume that, by not disturbing it, the Supreme Court approved our holding thereon.

[9, 10] It is, in effect, provided by statutes, as construed by the decisions, that, in order to question the regularity of the proceedings under which assessments for street improvements are made, the complaining property owner must bring a suit therefor within 20 days after the adoption of the assessment ordinance, otherwise such action will be barred. Article 1015, R. S. 1911; Elmendorf v. City of San Antonio (Tex. Com. App.) 242 S. W. 185; Holt v. Uvalde Co., supra. This limitation is held to apply to only such irregularities as may render the procedure voidable. It does not bar complaints of irregularities which render the proceeding void. We are of the opinion, and so hold, that the omission from the clerk's minutes of a notation showing the conclusions reached by the city council as a result of the hearing constitutes an irregularity which does not ipso facto render the assessment void, and a cause of action based upon such irregularity is barred after 20 days. It is contended that the action of the council in making the assessment was done at a time and in such manner as to lull appellee into a reasonable belief that the assessment would not be made; that he had no means of ascertaining that the assessment had been determined upon until long after it was actually ordered; and by this species of concealment he was prevented by the conduct of the council from avoiding the bar of the statute. The record is not in a condition to warrant this court in passing upon this question. We can readily understand how this limitation may be used to work unreasonable hardship and injustice upon the property owner, and we are not prepared to say that it should be rigidly enforced in every circumstance.

But, because of the error of the court in impliedly holding that the mere failure of the city clerk to incorporate in his minutes of the hearing a notation showing the conclusions reached by the council rendered void the certificate issued and here sued on, the judgment will be reversed and the cause remanded.

COBBS, J., did not participate in the decision of this cause.